IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**VASUDEVA MAHAVISNO**,
    an individual,                                             Case No.

    Plaintiff,                                             Hon.

v.

**COMPENDIA BIOSCIENCE, INC.**,
    a Michigan Corporation, and
**LIFE TECHNOLOGIES CORPORATION**,
    a Delaware Corporation,

    Defendants

---

DAVID J. GASKEY (P47326)
STEVEN SUSSER (P52940)
CARLSON, GASKEY & OLDS, PC
400 W. Maple, Suite 350
Birmingham, MI 48009
Phone: (248) 988-8360
Fax: (248) 988-8363
dgaskey@cgolaw.com
ssusser@cgolaw.com
**Attorneys for Plaintiff**

---

**COMPLAINT AND JURY DEMAND**

Plaintiff Vasudeva Mahavisno for his Complaint against Defendants Compendia Bioscience, Inc. and Life Technologies Corporation, states as follows:

**NATURE OF THE CASE**

1.  Plaintiff holds certain rights in and related to the Oncomine software that he created.

2. Plaintiff's copyright in the Oncomine software is registered with the United States Copyright Office. A copy of Plaintiff's Copyright Registration No. TXu 1-843-125 is attached as Exhibit A.

3. Plaintiff's copyrighted work contains original material (including without limitation software code, specifications, documentation and other materials) that is copyrightable subject matter under the Copyright Act, 17 U.S.C. § 101 *et seq.*

4. Under §106 of the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*, Plaintiff has distinct and exclusive rights including but not limited to the rights to reproduce, prepare derivative works and distribute his copyrighted work. 17 U.S.C. §106(1), (2), and (3).

5. Plaintiff brings this action for copyright infringement under the United States Copyright Act and related common law claims to combat the willful and intentional infringement of his exclusive rights to his creative work. Defendants have knowingly and illegally reproduced and distributed Plaintiff's copyrighted work and created derivative works of Plaintiff's copyrighted work. Upon information and belief Defendants continue to do so. Defendants have profited considerably through their infringement and illegal acts. Accordingly, Plaintiff seeks injunctive relief to prevent or limit future infringement, statutory or actual damages for Defendants' past and present willful copyright infringement, an award of his costs and attorneys' fees, and damages based on Defendants' unjust enrichment that has resulted from Defendants' unauthorized use of Plaintiff's copyrighted work.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as an action arising under the laws of the United States, 28 U.S.C. §1338(a) as an action arising under an Act of Congress relating to copyrights, and under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*

7. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they are related to Plaintiff's copyright infringement claim and form a part of the same case and controversy under Article III of the United States Constitution.

8. This court has personal jurisdiction over Defendants because Defendants reside in the State of Michigan, they have transacted business causing injury to Plaintiff in Michigan, or both. Additionally, Plaintiff has been injured in Michigan by Defendants' infringing conduct.

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(a).

## THE PARTIES

10. Plaintiff Vasudeva Mahavisno ("Mahavisno") is an individual residing and doing business in the City of Ann Arbor, Washtenaw County, Michigan. Plaintiff is the holder of the relevant rights to the copyrighted work at issue in this case.

11. Defendant Compendia Bioscience, Inc. ("Compendia") is a Michigan Corporation doing business in the City of Ann Arbor, Washtenaw County, Michigan. Compendia is a wholly owned subsidiary of Defendant Life Technologies Corporation.

12. Defendant Life Technologies Corporation ("Life") is a Delaware Corporation based in California and doing business in Michigan and this District.

## UNDERLYING FACTS

13. Mahavisno holds certain rights in and related to the Oncomine software that he created for Compendia.

14. Mahavisno's copyright in the Oncomine software is registered with the United States Copyright Office. A copy of Mahavisno's Copyright Registration No. TXu 1-843-125 is attached as Exhibit A.

## DEVELOPMENT OF EARLY VERSIONS OF ONCOMINE SOFTWARE

15. In 2002, Mahavisno was a student at the University of Michigan ("U of M").

16. As a student, Mahavisno worked as a Computer Consultant for the Department of Pathology under Professor Arul Chinnaiyan, M.D., Ph.D. ("Chinnaiyan"), where Mahavisno created and developed software applications that allow pathologists to annotate and diagnose slides over the Internet.

17. Chinnaiyan and Daniel Rhodes ("Rhodes"), a Ph.D. candidate in Bioinformatics and Cancer Biology at U of M, conceived the idea for a system now known as Oncomine that includes an on-line collection of cancer microarray data sets and a web-based analysis tool to allow cancer researchers to process and analyze information in the data sets over the Internet.

18. Neither Chinnaiyan nor Rhodes had any background or expertise in software development.

19. Chinnaiyan and Rhodes asked Mahavisno to develop and write the Oncomine software. Mahavisno began writing the code for the Oncomine software during 2002.

20. In May 2003, Mahavisno graduated from U of M.

21. In July 2003, Mahavisno became a full-time U of M employee; he continued his work in the Department of Pathology, including his work on the Oncomine software.

22. About November 2003, Mahavisno completed his development of the software for the first complete version of the Oncomine software, which became known as Oncomine 2.0.

23. Mahavisno continued his work at U of M, where he created and developed various enhancements for the Oncomine software over the next several years.

24. Oncomine 3.0 was released in 2005. Mahavisno is the author of the code for Oncomine 3.0.

25. Oncomine 3.0 included significant additions to Oncomine 2.0 including various analysis and reporting features.

**MAHAVISNO'S CREATION OF THE COPYRIGHTED ONCOMINE SOFTWARE**

26. On or about January 23, 2006, Chinnaiyan and Rhodes formed Compendia.

27. On or about January 31, 2006, Compendia entered into a Software Licensing Agreement with U of M. (*See* Exhibit B, Licensing Agreement.)

28. The Licensing Agreement gave Compendia an exclusive license to sublicense, create derivative works, use, market and exploit Oncomine 3.0, and two other software programs for the duration of their copyrights. (*See* Exhibit B, pp. 2, 3, 22).

29. The Licensing Agreement was amended on April 16, 2006, to address royalty issues and U of M's right to elect payment if Chinnaiyan or Rhodes sold any percentage of their shares in Compendia. (Exhibit C – First Amendment to Licensing Agreement dated 4/16/06)

30. The Licensing Agreement was amended a second time on March 20, 2007, to address, in part, payment due to U of M in the event Compendia sells its equity interest in the License for more than $1,000,000.00. (Exhibit D – Second Amendment to Licensing Agreement dated 3/20/07).

31. From Compendia's inception until about Mid-February 2007, Mahavisno continued to develop and create software upgrades and improvements for the Oncomine software for Compendia.

32. Mahavisno wrote additional software code building on Oncomine 3.0 for Compendia, including the software code for the version that became known as Oncomine 3.5. The software code that Mahavisno wrote for Compendia is the subject of his copyright registration mentioned above.

33. Mahavisno received no compensation from Compendia for his creation of the versions of the Oncomine software he authored for Compendia including the software code that is the subject of Mahavisno's registered copyright.

34. In or around December 2006 Mahavisno provided Compendia with information explaining architecture that he developed for Oncomine 4.0 including providing demonstrations to Rhodes and other Compendia employees and explaining the architecture to Compendia employees.

35. Mahavisno received no compensation from Compendia for his work on the prototype and architecture for Oncomine 4.0.

36. Mahavisno was not an employee of Compendia during 2006 and 2007 while he wrote the code for the Oncomine software and developed the architecture and prototype for Oncomine 4.0 for Compendia.

37. Compendia was unable to hire Mahavisno at that time because he was working for U of M pursuant to a H1-B visa that only permitted him to work for the visa-sponsoring employer.

38. Compendia made various and differing promises to Mahavisno regarding how Compendia would compensate him for his work on the Oncomine software including a promise that Compendia would assist Mahavisno in obtaining a new work visa that would allow Mahavisno to work for Compendia and that he would receive stock in Compendia or a signing bonus from Compendia for his work on the Oncomine software after Compendia obtained that visa.

39. In or around Mid-March 2007, Mahavisno learned that Compendia directed its immigration attorney to stop working on the H1-B visa application for his new work visa.

40. In November 2007, apart from any efforts by Compendia, Mahavisno received his Employment Authorization Card and in March 2012 he received Permanent Residency (i.e., a 'Green Card'), both of which would allow him to work in the United States for any employer.

41. Mahavisno never became an employee at Compendia.

42. Mahavisno did not have any obligation to assign to Compendia any of his intellectual property rights associated with the Oncomine software he created for Compendia.

43. Compendia and Mahavisno never entered into a written agreement regarding the manner in which Compendia intended to compensate Mahavisno for his creation of Oncomine software for Compendia.

44. Compendia and Mahavisno never entered into any written agreement regarding ownership of any intellectual property rights, such as copyright ownership, in the Oncomine software that Mahavisno authored for Compendia.

45. During the time Mahavisno wrote the Oncomine software for Compendia, he was a full-time employee at U of M but Mahavisno's work on the Oncomine software for Compendia was separate and distinct from his work at U of M.

46. After Compendia entered into the License Agreement with U of M (Exhibit B), Mahavisno did not work on any further development of or improvement to the Oncomine software as part of his employment at U of M. His only involvement with the Oncomine software at U of M after Compendia entered into the License Agreement with U of M was to provide maintenance and customer support for Oncomine users at the University

47. Mahavisno did not have any obligation to assign to U of M any of his intellectual property rights associated with the Oncomine software he created for Compendia.

48. On or about February 23, 2009, U of M received Seventy-Nine Thousand Four Hundred and Eighty-Five (79,485) shares of Compendia, Class A Common Stock. (Exhibit E)

49. On September 13, 2012, Compendia and U of M entered into a Third Amendment to Licensing Agreement for full and final payment of all of Compendia's royalty obligations to U of M relating to the Oncomine software. (Exhibit F – Third Amendment to Licensing Agreement dated 9/13/12).

50. On or about September 21, 2012, Compendia's shareholders, including U of M, consented to "the proposed acquisition of Compendia by Life." (*See e.g.* Exhibit G -- Written Consent in Lieu of Meeting of Shareholders).

51. On or about September 24, 2012, Rhodes approached Mahavisno and offered a payment of twenty-five thousand dollars ($25,000) from Compendia to Mahavisno in exchange for Mahavisno irrevocably assigning "any and all intellectual property rights" including Mahavisno's rights in and to the Oncomine software. (Exhibit H) Mahavisno did not accept the offered payment and has not assigned or otherwise surrendered his intellectual property rights to Compendia.

52. Life acquired Compendia in October 2012.

53. On December 18, 2012, the United States Copyright Office issued Copyright Registration No. TXu 1-843-125 (Exhibit A) to Mahavisno for the Oncomine software that is the subject of this case.

## COUNT I – COPYRIGHT INFRINGEMENT
## COMPENDIA

54. Plaintiff incorporates all preceding paragraphs by reference.

55. Without Mahavisno's consent, authorization, permission, approval or license Compendia, knowingly, willfully and unlawfully infringed on Mahavisno's copyright by copying Mahavisno's copyrighted work.

56. Without Mahavisno's consent, authorization, permission, approval or license Compendia, knowingly, willfully and unlawfully infringed on Mahavisno's copyright by creating derivative works of Mahavisno's copyrighted work including, but not limited to, Oncomine Concepts Edition 4.0.

57. All such derivative works are unauthorized copies of Mahavisno's copyrighted work.

58. Without Mahavisno's consent, authorization, permission, approval or license Compendia, knowingly, willfully and unlawfully infringed on Mahavisno's copyright by licensing or otherwise distributing or selling Mahavisno's copyrighted work and derivative works to third parties.

59. Without Mahavisno's consent, authorization, permission, approval or license Compendia, knowingly, willfully and unlawfully infringed on Mahavisno's copyright by selling Mahavisno's copyrighted work and derivative works to Life.

60. Compendia knew when it sold Mahavisno's copyrighted work and derivative works to Life that Life would copy, sell, license, distribute or make derivative works of Mahavisno's copyrighted works in violation of his rights.

61. Life has further copied and distributed Mahavisno's copyrighted work and derivative works, or portions thereof, or prepared additional derivative works in an unlawful manner.

62. By unlawfully copying, distributing and preparing derivative works of Mahavisno's copyrighted Oncomine software, Compendia has violated Mahavisno's exclusive rights under 17 U.S.C. § 106.

63. As a direct and proximate result of Compendia's infringement of Mahavisno's copyright and exclusive rights under copyright, pursuant to 17 U.S.C. § 504(b), Mahavisno is entitled to his actual damages plus Compendia's profits from infringement, in an amount to be established at trial.

64. Alternatively, at Mahavisno's election, he is entitled to the maximum statutory damages available pursuant to 17 U.S.C. § 504(c).

65. Further, Mahavisno is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

66. Compendia's conduct is causing and, unless enjoined by this Court, will continue to cause Mahavisno irreparable injury that cannot be fully compensated or measured in money damages. Mahavisno has no adequate remedy at law. Pursuant to 17 U.S.C. § 502 Mahavisno is entitled to a permanent injunction requiring Compendia to cease infringement and to employ reasonable methodologies to prevent or limit infringement of Mahavisno's copyright.

## COUNT II – COPYRIGHT INFRINGEMENT
## LIFE TECHNOLOGIES

67. Plaintiff incorporates all preceding paragraphs by reference.

68. Without Mahavisno's consent, authorization, permission, approval or license Life, knowingly, willfully and unlawfully infringed on Mahavisno's copyright by copying Mahavisno's copyrighted work and derivative works.

69. Without Mahavisno's consent, authorization, permission, approval or license Life, knowingly, willfully and unlawfully infringed on Mahavisno's copyright by creating derivative works of Mahavisno's copyrighted work including, but not limited to, software known as Oncomine Gene Browser and Ion Reporter Oncomine Workflow.

70. All such derivative works are unauthorized copies of Mahavisno's copyrighted work.

71. Without Mahavisno's consent, authorization, permission, approval or license Compendia, knowingly, willfully and unlawfully infringed on Mahavisno's copyright by licensing or otherwise selling or distributing Mahavisno's copyrighted work and derivative works to third parties.

72. By unlawfully copying, distributing and creating derivative works of Mahavisno's copyrighted work and derivative works, Life has violated Mahavisno's exclusive rights under 17 U.S.C. § 106.

73. As a direct and proximate result of Life's infringement of Mahavisno's copyright and exclusive rights under copyright, Mahavisno is entitled to his actual damages plus Life's profits from infringement, pursuant to 17 U.S.C. § 504(b), in an amount to be established at trial.

74. Alternatively, at Mahavisno's election, he is entitled to the maximum statutory damages available pursuant to 17 U.S.C. § 504(c).

75. Further, Mahavisno is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

76. Life's conduct is causing and, unless enjoined by this Court, will continue to cause Mahavisno irreparable injury that cannot be fully compensated or measured in money damages. Mahavisno has no adequate remedy at law. Pursuant to 17 U.S.C. § 502 Mahavisno is entitled to a permanent injunction requiring Life to cease infringement and to employ reasonable methodologies to prevent or limit infringement of Mahavisno's copyright.

## COUNT III
## UNJUST ENRICHMENT – COMPENDIA

77. Plaintiff incorporates all preceding paragraphs by reference.

78. By utilizing Mahavisno's copyrighted work and through its related wrongdoing Compendia has received a benefit from Mahavisno.

79. Compendia has wrongfully benefitted through the use of Mahavisno's copyrighted work, which has enhanced the value of the Oncomine software, its pricing and licensing of the software and the value of Compendia, itself.

80. Upon information and belief, when Compendia was purchased by Life, Compendia was valued at approximately $50 Million Dollars.

81. Upon information and belief, Compendia's value at the time it was purchased by Life was largely based upon the Oncomine software which contained and incorporated Mahavisno's copyrighted work.

82. Compendia has never compensated Mahavisno for the benefit Compendia received from utilizing Mahavisno's copyrighted work.

83. Under the circumstances, it would be inequitable for Compendia to retain the benefit conferred upon it by Mahavisno, without paying Mahavisno for the value of the benefit.

84. Mahavisno is entitled to receive the value of the benefit conferred upon Compendia including any related profits, proceeds from the sale of Compendia to Life, or both.

## JURY DEMAND

85. Mahavisno demands a trial by jury.

## PRAYER FOR RELIEF

Plaintiff Vasudeva Mahavisno, respectfully requests that this Court enter judgment in his favor and against Compendia Bioscience, Inc. and Life Technologies Corporation on all counts of his Complaint. Plaintiff specifically requests that this Court:

A. Require, as a consequence of each Defendant's infringement of Plaintiff's copyright, that each Defendant pay Plaintiff (i) such damages as Plaintiff has sustained and (ii) all gains, profits and advantages derived by each Defendant resulting from infringement of Plaintiff's copyright, or (iii) the maximum statutory damages recoverable (should Plaintiff elect to receive statutory damages as an alternative to the damages described at (i) and (ii) of this paragraph) pursuant to 17 U.S.C. § 504;

B. Require each Defendant to pay Plaintiff increased statutory damages for willful infringement pursuant to 17 U.S.C. § 504;

C. Require Defendants to pay Plaintiff's costs and attorney fees incurred in bringing this action in accordance with 17 U.S.C. § 505;

D. Award Plaintiff damages for unjust enrichment in an amount to be determined at trial, plus interest, costs and actual attorney fees;

E. Enter a permanent injunction enjoining and restraining Compendia Bioscience, Inc., Life Technologies Corporation and their subsidiaries, officers, directors, employees and agents from further infringing on Plaintiff's copyright; and

F. Any other appropriate legal or equitable relief this Court deems just and proper.

CARLSON, GASKEY & OLDS, P.C.

By  /s/ Steven Susser
      DAVID J. GASKEY (P47326)
      STEVEN SUSSER (P52940)
      CARLSON, GASKEY & OLDS, PC
      400 W. Maple, Suite 350
      Birmingham, MI 48009
      Phone: (248) 988-8360
      Fax: (248) 988-8363
      dgaskey@cgolaw.com
      ssusser@cgolaw.com