# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**VASUDEVA MAHAVISNO,**
An individual,

**Plaintiff,**

**v.**

**COMPENDIA BIOSCIENCE, INC.,**
A Michigan Corporation, and
**LIFE TECHNOLOGIES**
**CORPORATION,**
A Delaware Corporation

**Defendants.**

Case No. 2:13-CV-12207-SFC-MAR

District Judge:  Hon. Sean F. Cox

Magistrate Judge:  Hon. Mark A. Randon

---

## DEFENDANTS COMPENDIA BIOSCIENCE, INC. AND LIFE TECHNOLOGIES CORPORATION'S MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants Compendia Bioscience, Inc. ("Compendia") and Life Technologies Corporation ("Life") (collectively "Defendants") hereby move, pursuant to Fed.R.Civ.P. 12(c), for judgment on the pleadings dismissing the Complaint brought by Plaintiff Vasudeva Mahavisno ("Plaintiff") under the Copyright Act, and request also that this Court refuse to exercise supplemental jurisdiction over Plaintiff's unjust enrichment claim pursuant to 28 U.S.C. § 1367(c).

Defendants' motion for judgment on the pleadings under Fed.R.Civ.P. 12(c) is based on the grounds that: (1) as to the first and second claims for relief for copyright infringement against Defendants, respectively, Plaintiff fails to state a claim upon which relief can be granted, specifically, Plaintiff has no standing because he has no ownership of a valid copyright; (2) as to the third claim for relief for unjust enrichment against Defendant Compendia under Michigan state law, the Court should refuse to exercise jurisdiction pursuant to 28 U.S.C. § 1367(c) since the exercise of supplemental jurisdiction should be rare when all federal claims have been dismissed before trial, as is appropriate in this case.

Furthermore, because Plaintiff's deposition testimony demonstrates that his pleadings are incapable of cure, and that his alleged copyright is invalid and unsupportable, he is not entitled to a grant of leave to amend his complaint.

This motion is supported by this notice, an accompanying brief of points and authorities, the exhibits thereto, the Declaration of Richard P. Sybert, and all other papers on file in this action including all documents of which the Court may take judicial notice.  In accord with Local Rule 7.1(a), there was a conference between the attorneys for the parties.  Defendants explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought.

Dated:  May 20, 2014                    Respectfully submitted,

                                        **GORDON & REES, LLP**

                                        by */s/ Richard P. Sybert*
                                             Richard P. Sybert
                                             rsybert@gordonrees.com
                                             Kimberly D. Howatt
                                             khowatt@gordonrees.com
                                             Justin H. Aida
                                             jaida@gordonrees.com
                                             101 W. Broadway, Suite 2000
                                             San Diego, CA 92101
                                             Tel: (619) 696-6700 / Fax: (619) 696-7124
                                             Attorneys for Defendants Compendia
                                             Bioscience, Inc. and  Life Technologies
                                             Corporation

                                             DICKINSON WRIGHT PLLC
                                             John S. Artz (P48578)
                                             jsartz@dickinsonwright.com
                                             Frank M. Smith (P76987)
                                             fsmith@dickinsonwright.com
                                             2600 W. Big Beaver Road, Suite 300
                                             Troy, MI 48084-3312

Tel: (248) 433-7262 / Fax: (248) 433-7274
Attorneys for Defendants Compendia
Bioscience, Inc., and Life Technologies
Corporation

Adam M. Tschop
LIFE TECHNOLOGIES CORPORATION
5791 Van Allen Way
San Diego, CA 92008
Tel: (760) 603-7200 / Fax: (760) 476-6048
Adam.Tschop@thermofisher.com
Attorneys for Defendants Compendia
Bioscience, Inc. and Life Technologies
Corporation

3

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

|  |  |
|---|---|
| **VASUDEVA MAHAVISNO,**<br>an individual, | |
| **Plaintiff,** | Case No. 2:13-CV-12207-SFC-MAR |
| **v.** | District Judge:  Hon. Sean F. Cox |
| **COMPENDIA BIOSCIENCE, INC.,**<br>a Michigan corporation, and<br>**LIFE TECHNOLOGIES**<br>**CORPORATION,**<br>a Delaware corporation | Magistrate Judge:  Hon. Mark A. Randon |
| **Defendants.** | |

## DEFENDANTS COMPENDIA BIOSCIENCE, INC. AND LIFE TECHNOLOGIES CORPORATION'S BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

# CONCISE STATEMENT OF ISSUES PRESENTED

1.      Whether Defendants COMPENDIA BIOSCIENCE, INC. ("Compendia") and LIFE TECHNOLOGIES CORPORATION ("Life") (collectively "Defendants") are entitled to judgment on the pleadings, under Fed.R.Civ.P 12(c), with respect to the first and second claims for relief for copyright infringement asserted in the Complaint, respectively, because Plaintiff VASUDEVA MAHAVISNO ("Plaintiff") lacks standing under the Copyright Act and such pleadings are incapable of cure.

2.      Whether the Court should refuse to extend supplemental jurisdiction over Plaintiff's third claim for relief for unjust enrichment under Michigan state law, pursuant to 28 U.S.C. § 1367(c), since the Plaintiff lacks standing under the Copyright Act.

Defendants respectfully submit to this Court that the answer to each question is "yes."

i

# TABLE OF CONTENTS

**Page**

CONCISE STATEMENT OF ISSUES PRESENTED .............................................i

MOST CONTROLLING AUTHORITY.............................................. viii

I.     INTRODUCTION .......................................................................1

II.    STATEMENT OF RELEVANT ALLEGATIONS AND
       ADMISSIONS.....................................................................4

III.   STANDARDS OF REVIEW.....................................................8

       A.   Standing Under the Copyright Act Is Limited to Two Groups:
            (1) Copyright Owners, and (2) Exclusive Licensees In the
            Copyright...............................................................9

       B.   Federal Courts Are Courts of Limited Jurisdiction............................11

IV.    PLAINTIFF LACKS STANDING TO BRING HIS DESCRIBED
       COPYRIGHT INFRINGEMENT CLAIMS ...................................12

       A.   Plaintiff Is Not the Owner or Exclusive Licensee of the
            Preexisting Oncomine Works..................................................12

       B.   Plaintiff Does Not Own a Copyright in the Described
            Derivative Works ......................................................14

            1.   In Order To Qualify For a Separate Copyright, a
                 Derivative Work Must Possess Substantial Originality........... 14

            2.   Plaintiff Cannot Make the Required Showing of
                 Substantial Originality .............................................. 15

       C.   Plaintiff Failed To Make Required Disclosures to the Copyright
            Office; thus His Registration Is Invalid and Subject to
            Cancellation.......................................................17

       D.   Plaintiff's Application and Registration is Invalid and
            Unenforceable Because He Failed to Submit An Original or
            Bona Fide Copy of the Work to the Copyright Office........................21

## <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

E.    Plaintiff's Application and Registration Likely Constitute Fraud on the Copyright Office Such that His Purported Registration Is Invalid and Subject to Cancellation ....................................................22

V.    THIS COURT SHOULD DECLINE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW UNJUST ENRICHMENT CLAIM ...............................................................................24

VI.    CONCLUSION.............................................................................25

## TABLE OF AUTHORITIES

**Page(s)**

### Cases

*1 Bridges v. Am. Elec. Power Co.,*
  498 F.3d 442 (6th Cir. 2007) ..............................................................11

*A&A Plush Inc. v. SKM (USA) Enters. Inc.*
  47 U.S.P.Q.2d 1438 (C.D.Cal. 1998) ................................................10

*Acri v. Varian Assocs., Inc.*
  114 F.3d 999, *supplemented by* 121 F.3d 714 (9th Cir. 1997) ...........12

*Aldabe v. Aldabe*
  616 F.2d 1089 (9th Cir. 1980) ..............................................................8

*Carnegie-Mellon Univ. v. Cohill*
  484 U.S. 343, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988) ....................12

*Chamberlin v. Uris Sales Corp.*
  150 F.2d 512 (2d Cir. 1945) ...............................................................14

*Coles v. Wonder*
  283 F.3d 798 (6th Cir. 2002) ..............................................................21

*Durham Industries, Inc. v. Tomy Corp.*
  630 F.2d 905 (2d Cir. 1980) ...............................................................14

*Eckes v. Card Prices Update*
  736 F.2d 859 (2d Cir. 1984) ...............................................................17

*Eden Toys, Inc. v. Florlee Undergarment Co.*
  697 F.2d 27 (2d Cir. 1982) .................................................................10

*Express, LLC v. Forever 21,*
  2010 U.S. Dist. LEXIS 91705
  (C.D. Cal., Case No. cv-09-4514-ODW-VBKx, September 2, 2010) ..............19

*Foster v. Wilson*
  504 F.3d 1046 (9th Cir. 2007) ............................................................11

*Gracen v. Bradford Exchange*,
  698 F.2d 300 (7th Cir. 1983) ..............................................................15

# TABLE OF AUTHORITIES

**Page(s)**

*Knickerbocker Toy Co. v. Winterbrook Corp.*
554 F.Supp. 1309 (D.N.H. 1982).......................................................................17

*Kodadek v. MTV Networks, Inc.*
152 F.3d 1209 (9th Cir. 1998) ..........................................................................21

*Kokkonen v. Guardian Life Ins. Co. of Am.*
114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)...........................................................11

*L. Batlin & Son, Inc. v. Snyder*
536 F.2d 486 (2d Cir. 1976) ...................................................................... 14, 15

*McMichael v. Napa County*
709 F.2d 1268 (9th Cir. 1983) .............................................................................9

*Mister B Textiles Inc. v. Woodcrest Fabrics, Inc.*
523 F.Supp. 21 (S.D.N.Y. 1981) .......................................................................10

*N. Coast Indus. v. Jason Maxwell, Inc.*
972 F.2d 1031 (9th Cir. 1992) ..........................................................................10

*Northwest Airlines, Inc. v. Cnty. of Kent, Mich.*
510 U.S. 355, 114 S.Ct. 855, 127 L.Ed.2d 183 (1994)......................................11

*R. Ready Productions, Inc. v. Cantrell,*
*85 F. Supp. 2d 672 (S.D. Tex. 2000)*.................................................................20

*Roberts v. Hamer*
655 F.3d 578 (6th Cir. 2011) ...................................................................... 10, 11

*Russ Berrie & Co., Inc. v. Jerry Elsner Co.*
482 F.Supp. 980 (S.D.N.Y. 1980) .............................................................. 17, 20

*Schrock v. Learning Curve Int'l, Inc.*
586 F.3d 513 (7th Cir. 2009) .............................................................................19

*Shroats v. Customized Technology, Inc.*,
2011 U.S. Dist. LEXIS 68142
(N.D.Ill., Case No. No 08 C5565 June 22, 2011)....................................... 21, 22

*Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*
615 F.3d 622 (6th Cir. 2010) .............................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

*Viacom Int'l Inc. v. Time Inc.*
  785 F.Supp. 371 (S.D.N.Y. 1992) ........................................................................8

*Vogue Ring Creations, Inc. v. Hardman,*
  410 F. Supp. 609 (D.R.I. 1976).........................................................................20

*Warth v. Seldin*
  422 U.S. 490 (1975).........................................................................................9

## Statutes

17 United States Code
  section 102 ....................................................................................................14

17 United States Code
  section 103 ....................................................................................................14

17 United States Code
  section 201 ....................................................................................................13

17 United States Code section 410 .................................................................. 23, 24

17 United States Code
  section 411 ............................................................................................ 3, 23, 24

28 United States Code
  section 1367 ....................................................................................... i, 11, 12, 24

## Constitutional Provisions

1 Nimmer on Copyright
  section 3.01 ....................................................................................................19

1 Nimmer on Copyright
  section 3.03 ....................................................................................................19

2 Nimmer on Copyright
  section 7.20 ....................................................................................................23

## Rules

Federal Rule of Civil Procedure
  rule 12 ................................................................................................... i, 1, 8

## <u>TABLE OF AUTHORITIES</u>

<u>**Page(s)**</u>

Federal Rules of Civil Procedure
    rule 11 ....................................................................................................20

Federal Rules of Civil Procedure
    rule 56 ......................................................................................................1

## MOST CONTROLLING AUTHORITY

*Express, LLC v. Forever 21,* 2010 U.S. Dist. LEXIS 91705 (C.D. Cal., Case No. cv-09-4514-ODW-VBKx, September 2, 2010)

*Gracen v. Bradford Exchange*, 698 F.2d 300 (7th Cir. 1983)

*Shroats v. Customized Tech., Inc*., 2011 U.S. Dist. LEXIS 68142 (N.D. Ill., Case No. 08 C 5565,  June 22, 2011)

## I.   INTRODUCTION

To have standing to bring a suit for copyright infringement, a plaintiff must adequately plead that he is the "legal or beneficial owner of an exclusive right under copyright."   Here, the Plaintiff does not, and cannot, meet that threshold burden, and therefore lacks standing to bring a copyright claim. Plaintiff's lack of standing is conclusively established by, (1) the admissions in his complaint that his claimed "works" are simply *derivative* works that are based on prior versions of the Oncomine software that he concedes he does *not* own; and, (2) his failure to plead any substantial differences between those pre-existing works and his alleged derivative works sufficient to allow for the creation of an independent copyright.[1]

Despite the broad wording of the copyright registration attached to his pleadings, Plaintiff has admitted in his post-pleading briefing before this Court, and again at his deposition, that he claims no ownership or copyright in the original Oncomine software (i.e., versions 1.0, 2.0, and 3.0, referred to herein as "Preexisting Oncomine Works").   Instead, he admits, those were created for and are owned by the University of Michigan ("U of M"), which employed Plaintiff as a programmer.

---

[1]     Nor *could* Plaintiff amend his pleadings to include such allegations, consistent with Rule 11, since he admitted at his deposition that he has no record of what he allegedly created, as discussed *infra*.   This motion, thus, can be decided on pleadings alone, however, Defendants have submitted supporting material, primarily to show that the pleadings are incapable of cure, but also, if the Court so chooses, to allow the Court to consider this motion under Rule 56, as is permissible upon a Rule 12 motion.

Thus, it is evident that Plaintiff's proffered copyright registration was secured *without disclosing* to the U.S. Copyright Office that his subject materials were derivative works based on the Preexisting Oncomine Works. Without such disclosure, and without identification of what material was preexisting versus what material was new, the Copyright Office was deprived of the necessary facts to ascertain whether Plaintiff's derivative work possessed sufficient originality for independent copyright protection and registration, thereby stripping the registration of any presumption of validity. In the absence of that presumption, Plaintiff, like any other copyright claimant, must establish that he has a valid copyright – which he has not done, and evidently cannot do.

In the context of derivative works, copyright claimants must establish that their works are substantially different from the underlying work in order to garner copyright protection. <u>Plaintiff does not and cannot do so</u>. He alleges no facts in his Complaint that *his* alleged copyright is substantially different from the Preexisting Oncomine Works owned by the U of M. Rather, Plaintiff's complaint proves *otherwise*, in that he alleges only that he wrote *additional* software code *building* upon Oncomine 3.0, and *developed architecture* for (but did not write) what he refers to as "Oncomine 4.0." Neither of these assertions in any way illustrates, (1) what additions or substantive changes he made to the underlying work; and/or (2) how these changes resulted in a new work that is "substantially

different" from the Preexisting Oncomine Works, such that he could legally own a copyright therein.

Importantly, Plaintiff cannot cure this failure since he testified in his recent deposition that he has no record of the software he allegedly wrote, that forms the basis of his copyright. Specifically, Plaintiff claims he owns the copyright in Oncomine 3.5, and in the "concept" or "architecture" for what he refers to as "Oncomine 4.0,"[2] but admitted that *he does not have what he allegedly wrote for either program.* This means there is no way to prove or even assess Plaintiff's claim, since there is no record of what software he wrote, against which to compare Defendants' programs.

Plaintiff is not entitled to subject Defendants to this extended and expensive litigation – and consume judicial resources – for a mere "fishing expedition." The issuance of a proper and valid copyright registration is a *prerequisite* to suit under 17 U.S.C. § 411, and Plaintiff must hold a valid copyright registration *before* filing suit, rather than using suit to establish one.

Where, as here, Plaintiff does not have standing to pursue a claim under the

---

[2]     While not relevant to the determination of this motion, there are, effectively, two items referred to as "Oncomine 4.0":  there is, on one hand, the alleged "concept" and "architecture" that Plaintiff claims to have created in 2006/2007 and refers to as a Oncomine 4.0 prototype, and, on the other hand, a separate application that was re-written from the ground up by professional Compendia programmers and coders, with *no* code or contribution from Plaintiff, and released in 2009 under the name "Oncomine 4.0."  Should the case proceed, Defendants will correspondingly evidence that the actual and published Oncomine 4.0 is therefore not a derivative work at all, but a subsequent original work.

Copyright Act, the Court should decline to exercise supplemental jurisdiction over the Plaintiff's unjust enrichment claim, in accord with the Supreme Court's guidance that supplemental jurisdiction should be rare when all federal claims have been dismissed.

On these grounds, this Court may fully dispose of this matter upon this motion for judgment on the pleadings.

## II.    STATEMENT OF RELEVANT ALLEGATIONS AND ADMISSIONS

Plaintiff alleges that, in 2002, he began working under U of M professor Arul Chinnaiyan ("Chinnaiyan") as a computer consultant. (Dkt. #1, Complaint ¶¶ 15, 16.)  Chinnaiyan, in conjunction with U of M doctoral candidate Daniel Rhodes ("Rhodes"), conceived of the idea for "Oncomine," a software system to be used in the field of cancer research. (Dkt. #1, Complaint ¶ 17.)  Plaintiff claims that he was asked by Chinnaiyan and Rhodes to write software code for Oncomine, and proceeded to do so over the next few years in his role as a full-time employee of the U of M. (Dkt. #1, Complaint ¶¶ 19, 20, 22.)

Plaintiff alleges that the "first complete version" of the Oncomine software (Oncomine 2.0) was completed in or around November 2003, while he was a full-time employee of the U of M.[3]  (Dkt. #1, Complaint ¶ 22.)  He further alleges that he then created and developed various enhancements for the Oncomine software

---

[3]    Notably, Plaintiff admitted in his deposition that there was a preceding version of the software, Oncomine 1.0, in which he had no involvement at all.

over the following two years, including the next version of the program, Oncomine 3.0. (Dkt. #1, Complaint ¶¶ 23, 24.)   In his briefing before this Court, Plaintiff admitted that his work on both Oncomine 2.0 and 3.0 were in his role as a U of M employee, and such are <u>not</u> a part of his copyright claim.  (Dkt. #9, Response to Motion to Dismiss, pp. 6-7; Dkt. #16, Surreply Brief, p. 5.)

Compendia was formed in January 2006, and entered into an agreement with the U of M for an exclusive license to use Oncomine, in its then-most current version (i.e., Oncomine 3.0), and all derivative works (the "License Agreement"). (Dkt. #1, Complaint ¶¶ 11, 26-28; Exhibit B, §§ 1.1, 1.6, Appendix A.)  Under the License Agreement, the U of M, as the licensor, reserved the right to create derivative works of the Oncomine software. (Dkt. #1, Complaint, Exhibit B, §§ 2.2, 2.3.)

Plaintiff alleges that, after Compendia's formation and through February 2007, he continued to work on "upgrades and improvements for the Oncomine software" (Dkt. #1, Complaint ¶¶ 31, 32; Exhibit B, § 1.1), and – as explained in later briefing – that "[his] copyrighted work was created *after* Compendia was formed" as an independent contractor "for Compendia." (Dkt. #9, Response to Motion to Dismiss, p. 6)  Based on these allegations, thus, Plaintiff's alleged "copyrighted work" is limited to such work which, as he described it, consists of, (1) his creation of the "additional code *building on* Oncomine 3.0" that "became known as Oncomine 3.5" (Dkt. #1, Complaint, ¶32 (emphasis added)), and (2) his

5

proffered "architecture for and demonstration of" what he refers to as "Oncomine 4.0" (Dkt. #9, Response to Motion to Dismiss, p. 7). [4] Otherwise stated, Oncomine 3.5 and Plaintiff's proffered "4.0," as described by Plaintiff himself, are neither original nor distinct from the Preexisting Oncomine Works – they are "building on" such works and therefore derivative.

Plaintiff claims to have developed these derivative works using his home computer. Declaration of Richard Sybert ("Sybert Decl.") ¶ 2; Exhibit 6, 83:13-17, 85:9-11, 102:11-23 - 103:2-7. Curiously, however, Plaintiff represented during his deposition that he does not have the actual versions of what he allegedly wrote for either program; that he lost the computer he used to do work on Compendia matters; and, that he did not backup the data stored therein. Sybert Decl. ¶ 3; Exhibit 6, 111:20-25 - 112:1-13, 200:13-22, 201:3-9. Specifically, Plaintiff does not have a copy of Oncomine 3.5 and only professes to have an early version or prototype of what he refers to as "Oncomine 4.0." *Id.* He thus lacks any ability to affirmatively show that there is any substantial difference between the Preexisting Oncomine Works and what he claims to have written in the 2006/2007 timeframe.

Despite Plaintiff's limited scope of work as an alleged independent

---

[4]     No discussion of Oncomine 3.1, 3.2, or any other additional version is necessary since Plaintiff admits that the next major version after 3.0, a Preexising Oncomine Work owned by the U of M, is version 3.5 and Plaintiff was not involved in any version between Oncomine 3.5 and what he refers to as "Oncomine 4.0." *See* Declaration of Richard Sybert ("Sybert Decl.") ¶ 5; Exhibit 6, 84:21-25, 85:9-11.

contractor, he inexplicably applied to the U.S. Copyright Office for a copyright registration for all of "Oncomine" – without specification to any version, and without any disclosure to the Copyright Office of the Preexisting Oncomine Works that indisputably belong to U of M.  (Dkt. #1, Complaint, ¶¶ 45, 53, Exhibit A.)  In the course of his briefing and deposition in this case, however, Plaintiff has since limited the scope of his own registration (albeit without apparent notification to the Copyright Office) to pertain not to "Oncomine 3.0, but, rather… [to] later versions of the Oncomine software."  (Dkt. #16, Surreply Brief, p. 1.)  Plaintiff now only claims a copyright in these derivative, non-original works, in contrast to the vague and overbroad copyright registration attached to his pleadings.

These admissions by Plaintiff provide solid basis for the dismissal of his asserted copyright claims:   that is, he has admitted that he did not create any original work for Compendia, much less one that is "substantially different" from the Preexisting Oncomine Works that he admits  are owned by U of M.  *See* Sybert Decl.  ¶ 6; Exhibit 6, 264:1-25.  <u>He therefore has no copyright, and no standing under the Copyright Act</u>.  As a result, his lone-remaining state law claim for unjust enrichment – which Plaintiff adamantly argued was *distinct* from his copyright claim (Dkt. #9, Response, p. 8-10) – is outside the subject matter jurisdiction of this Court, and likewise properly dismissed.

## III.   STANDARDS OF REVIEW

Fed.R.Civ.P. 12(h)(2) preserves the following defenses, even if not included in a prior motion under Rule 12:   (1) failure to state a claim on which relief may be granted, (2) failure to join a "required" party who would, traditionally, be classified as "indispensable" under Rule 19; and (3) failure to state a legal defense to a claim.  These defenses are so fundamental there is no prohibition on when they may be raised, and they may be raised even during trial.  Thus, these matters are specifically permitted to be raised in a Rule 12(c) motion for judgment on the pleadings.  *See* Fed.R.Civ.P. 12(h)(2); *see also, Viacom Int'l Inc. v. Time Inc.*, 785 F.Supp. 371, 375 (S.D.N.Y. 1992) (defendant in antitrust action properly raised defense of failure to state claim in Fed.R.Civ.P. 12(c) motion for judgment on pleadings); *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980) (Fed.R.Civ.P. 12(h)(2) specifically authorizes use of motion for judgment on pleadings to raise defense of failure to state claim.).

Here, Defendants' Rule 12(c) motion for judgment on the pleadings is based on the defense of failure to state a claim on which relief may be granted, on two grounds:  1) Plaintiff lacks standing to sue under the Copyright Act and therefore does not (and cannot) state facts sufficient to state a claim; and 2) Plaintiff's state law claim, standing alone, is insufficient to survive as a claim for relief in this forum such that this Court should decline to exercise jurisdiction thereover.

A.   **Standing Under the Copyright Act Is Limited to Two Groups: (1) Copyright Owners, and (2) Exclusive Licensees In the Copyright**

"Standing is a threshold question in every case before a federal court. Before the judicial process may be invoked, a plaintiff must 'show that the facts alleged present the court with a "case or controversy" in the constitutional sense and that [he] is a proper plaintiff to raise the issues sought to be litigated.'" *McMichael v. Napa County*, 709 F.2d 1268, 1269 (9th Cir. 1983). <u>If a plaintiff's standing "does not adequately appear from all materials of record, the complaint must be dismissed."</u> *Warth v. Seldin*, 422 U.S. 490, 501-02 (1975) *superseded by statute on other grounds* [emphasis added].

Standing "may exist solely by virtue of 'statutes creating legal rights, the invasion of which creates standing'" (*Warth v. Seldin* at 500); that is, "Congress may create a statutory right or entitlement the alleged deprivation of which can confer standing to sue" (*Id.* at 514). Essentially, the standing question is whether the provision on which the claim rests properly can be understood as granting persons in the plaintiff's position a right to judicial relief. *Id.* at 500.

The Copyright Act of 1976 is an example of a legislative scheme by which Congress created certain statutory rights and set specific requirements that must be met to confer standing to sue to enforce those rights. Specifically, Section 501 of the Act establishes a right to protect copyrights, <u>but limits those who have standing to do so.</u> 17 U.S.C. §§ 501(a), (b). Section 501(b) provides:

9

> The legal or beneficial owner of an <u>exclusive</u> right under a copyright is entitled, subject to the [registration] requirements of section 411, to institute an action for any infringement of that particular right committed while he or she is the owner of it.  [emphasis added]

Based on this language, only two groups have standing to sue for infringement: (1) copyright owners, and (2) exclusive licensees who own a divisible right in the copyright.  *See*, *Eden Toys, Inc. v. Florlee Undergarment Co*., 697 F.2d 27, 32 (2d Cir. 1982) *superseded by statute on other grounds*; *A&A Plush Inc. v. SKM (USA) Enters. Inc*., 47 U.S.P.Q.2d 1438, 1440 (C.D.Cal. 1998) ("It is only the copyright owner or the owner of <u>exclusive</u> rights under the copyright, as of the time the acts of infringement occur, who has standing to bring an action for infringement of such rights" [emphasis added]).

As a result, the plaintiff in an infringement action must, *at the outset* (i.e., *not* in the course of discovery), establish ownership of a valid copyright, or one of its divisible parts.  *See N. Coast Indus. v. Jason Maxwell, Inc*., 972 F.2d 1031, 1033 (9th Cir. 1992) (first step in an infringement action is for the holder of the copyright to prove valid ownership of the copyright); *Mister B Textiles Inc. v. Woodcrest Fabrics, Inc*., 523 F.Supp. 21, 23 (S.D.N.Y. 1981) (proving ownership of the copyright is the first basic element of an infringement action).  Statutory standing asks whether *this* plaintiff has a cause of action under the statute.  *Roberts v. Hamer*, 655 F.3d 578, 580 (6th Cir. 2011).

Where a plaintiff lacks statutory standing to sue, his claim should be dismissed for failure to state a claim upon which relief can be granted. *Id., citing See Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.,* 615 F.3d 622, 626 (6th Cir. 2010); *1 Bridges v. Am. Elec. Power Co.,* 498 F.3d 442, 444 (6th Cir. 2007)*; see also, Northwest Airlines, Inc. v. Cnty. of Kent, Mich.,* 510 U.S. 355, 365, 114 S.Ct. 855, (1994). Under these authorities, Plaintiff's first and second claims for relief for copyright infringement are properly dismissed.

### B.   Federal Courts Are Courts of Limited Jurisdiction

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994) (internal citations omitted). When a federal court has original subject matter jurisdiction, the Supplemental Jurisdiction Statute grants it jurisdiction over all other claims that are so related, that they form part of the same case or controversy. 28 U.S.C. § 1367.

A district court with original jurisdiction has discretion to refuse supplemental jurisdiction over state law claims that meet the requirements of Section 1367(a) when certain conditions are present. 28 U.S.C. § 1367(c); *Foster v. Wilson*, 504 F.3d 1046, 1051 (9th Cir. 2007). For example, when any one of the conditions in Section 1367(c) is met, the Court has discretion to exercise or decline supplemental jurisdiction. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351,

11

108 S. Ct. 614, 98 L. Ed. 2d 720 (1988); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001, *supplemented by* 121 F.3d 714 (9th Cir. 1997). One such condition is when the district court dismisses all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3). The Supreme Court has instructed that the exercise of supplemental jurisdiction should be <u>rare</u> when all federal claims have been dismissed before trial. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726-27, 86 S.Ct. 1130 (1966).[5] Under these authorities, the dismissal of Plaintiff's remaining state law claim for unjust enrichment is also warranted.

## IV. PLAINTIFF LACKS STANDING TO BRING HIS DESCRIBED COPYRIGHT INFRINGEMENT CLAIMS

### A. Plaintiff Is Not the Owner or Exclusive Licensee of the Preexisting Oncomine Works

Plaintiff fails the standing requirements of Section 501(b) of the Copyright Act because, (1) his Complaint demonstrates he is neither the copyright owner, nor an <u>exclusive</u> licensee, as to the Preexisting Oncomine Works; and (2) he cannot have standing as to any other version of Oncomine, such as Oncomine 3.5 or what he refers to as "Oncomine 4.0," because those are, at most, derivative works, without material differences from the Preexisting Oncomine Works, as required for

---

[5]     Although *Gibbs* has been superseded by 28 U.S.C. § 1367, the conditions and limitations statutorily created do not affect the exercise of pendent jurisdiction in this particular case.

a valid copyright.[6]

To the extent Plaintiff developed or wrote any part of the Preexisting Oncomine Works, he did so as a work-for-hire[7] for the U of M, thereby vesting all copyright ownership in the U of M. (Dkt. #1, Complaint ¶¶ 19, 21, 22, 23, 24, 25.) Plaintiff's allegations further acknowledge that the U of M *never* granted him any exclusive license in any part of the copyright to the Preexisting Oncomine Works; the only exclusive license alleged in the Complaint is that between the U of M and defendant Compendia. (Dkt. #1 Complaint ¶¶ 27, 28, Exhibit B.) Accordingly, only the U of M as the owner of the Preexisting Oncomine Works, or Compendia as its exclusive licensee, can bring an infringement lawsuit based upon the Preexisting Oncomine Works themselves.

Thus, Plaintiff's standing must rest squarely upon whether he owns, or has an exclusive license to, a derivative work that is "substantially different" than the Preexisting Oncomine Works. While Plaintiff claims to be the copyright *owner* (as opposed to exclusive licensee), he still cannot make the requisite showing sufficient to establish standing to sue for copyright infringement based on the Oncomine derivative works.

---

[6]   This is particularly true, since Plaintiff admitted under oath that he has no record of what he allegedly wrote. *See supra* Section II; Sybert Decl. ¶ 6; Exhibit 6, 111:20-25, 112:1-13.

[7]   *See* 17 U.S.C. § 201 (b) ("In the case of a work made for hire, the employer or other person for whom the work was prepared is considered the author for purposes of this title, and, unless the parties have expressly agreed otherwise in a written instrument signed by them, owns all of the rights comprised in the copyright.")

**B.    Plaintiff Does Not Own a Copyright in the Described Derivative Works**

      **1.    In Order To Qualify For a Separate Copyright, a Derivative Work Must Possess Substantial Originality**

It is fundamental that copyright protection extends only to "original works of authorship." 17 U.S.C. §102(a).  Here, it is undisputed that Plaintiff's claimed copyright is <u>not</u> an original work, but a derivative work based upon the Preexisting Oncomine Works.  "Although derivative works may be copyrighted, *see* 17 U.S.C. § 103(a), the copyright protection extends only to the <u>original</u> contributions of the derivative work's author, 17 U.S.C. § 103(b)."  *Past Pluto Productions Corp. v. Dana,* 627 F.Supp. 1435, 1441 (S.D.N.Y. 1986) [emphasis added].  In order to be copyrightable, a derivative work must "contain some substantial, not merely trivial originality."  *L. Batlin & Son, Inc. v. Snyder*, 536 F.2d 486 (2d Cir. 1976) *quoting Chamberlin v. Uris Sales Corp*., 150 F.2d 512, 513 (2d Cir. 1945); *see Durham Industries, Inc. v. Tomy Corp*., 630 F.2d 905, 909 (2d Cir. 1980) ("to support a copyright the original aspects of a derivative work must be more than trivial.").  And, <u>if no original contribution can be shown, it follows that the derivative work cannot be the subject of a valid copyright</u>.  *Past Pluto, supra,* 627 F.Supp. at 1441.

Whether a derivative work possesses sufficient originality to maintain a cause of action for copyright infringement may be decided through motion practice.  For example, in *Gracen v. Bradford Exchange*, 698 F.2d 300, 304 (7th

Cir. 1983), the Seventh Circuit evaluated the district court's grant of a motion to dismiss plaintiff's copyright infringement claim. The plaintiff there had obtained copyright registrations in certain derivative works which consisted of paintings and drawings of Judy Garland's character Dorothy from the original copyrighted movie, "The Wizard of Oz." Key to the Court's inquiry was whether the plaintiff's copyright registrations in these derivative works contained sufficient originality to warrant independent copyright protection. The Court stated:

> [A] derivative work must be <u>substantially different</u> from the underlying work to be copyrightable. This is the test of *L. Batlin & Son, Inc. v. Snyder, supra*, 536 F.2d at 491, a decision of the Second Circuit -- the nation's premier copyright court -- sitting en banc. Earlier Second Circuit cases discussed in *Batlin* that suggest a more liberal test must be considered superseded.

*Id.* at 305 (emphasis added). Applying this test, the *Gracen* court affirmed the district court's dismissal of the plaintiff's claims, in part, of the grounds that her works were not sufficiently distinct from the original to be copyrightable. *Ibid.*

This *Gracen* test continues to govern; thus, a copyright registration, on its own, cannot withstand a motion to dismiss if the work or derivative work upon which the registration is based lacks originality – as is precisely the case here.

## 2. Plaintiff Cannot Make the Required Showing of Substantial Originality

Plaintiff's Complaint fails to allege even a single addition or change to the Preexisting Oncomine Works that would merit independent copyright ownership in

the derivatives Plaintiff alleges to have created.  While the Plaintiff claims to have written "additional software code <u>building</u> <u>on</u> Oncomine 3.0 for Compendia" [emphasis added], he does not (and, without a record of what he wrote, *cannot*) allege that his additions created a "substantially different" program.

Likewise, Plaintiff fails to allege any changes or additions made by him to the Preexisting Oncomine Works that would make what he refers to as "Oncomine 4.0." a "substantially different" derivative work.  In actuality, Plaintiff cannot assert any copyright claim in regard to his referenced "Oncomine 4.0" *at all*, since he does *not* claim he wrote the software, but only the "architecture" and/or a "prototype."  (Dkt #1 Complaint ¶¶ 34, 35.)  Copyright law does not afford protection to concepts or ideas, but rather only to actual *works.*

In sum, Plaintiff has failed to allege creation of an original work, and by extension, ownership in an original work.  He cannot therefore meet the threshold standing requirement of showing ownership of a valid copyright.  This failure is fatal to Plaintiff's claim for copyright infringement against Defendants, and those claims should be dismissed.[8]

---

[8]      Likewise, as referenced above, Plaintiff has failed to allege being given an <u>exclusive</u> license in an original derivative work, nor could he, given that he has already asserted that a license was given by U of M *to Compendia* to "create derivative works."  (Dkt. #16, Surreply, p. 6 of 7.)  Thus, even if Plaintiff now claimed (albeit inaccurately) that he was given such a license, as well, it would not be an <u>exclusive</u> license, as required for standing.

**C.    Plaintiff Failed To Make Required Disclosures to the Copyright Office; thus His Registration Is Invalid and Subject to Cancellation**

While a copyright certificate creates a presumption of a valid copyright, that "certificate of registration … does not create an irrebuttable presumption of copyright validity." *Past Pluto Productions Corp. v. Dana*, *supra,* 627 F.Supp. at 1441.   Validity should <u>not</u> be assumed where other evidence casts doubts upon the integrity of the copyright. *Id.*(internal citations omitted).

One ground on which the presumption of validity of a copyright registration may be rebutted is the registrant's failure to alert the Copyright Office to a relationship between the work for which registration is being sought, and a prior work. *Id.* at 1440, *n 5.*  When a copyright claimant fails to advise of the existence of a prior work, the Copyright Office is not afforded fair opportunity to pass upon the question of originality in relation to the prior work. *Id., citing Knickerbocker Toy Co. v. Winterbrook Corp.,* 554 F.Supp. 1309 (D.N.H. 1982).  Moreover, the "knowing failure to advise the Copyright Office of facts which might have occasioned a rejection of the application constitute[s] reason for holding the registration invalid and thus incapable of supporting an infringement action. . ., or denying enforcement on the ground of unclean hands." *Id., citing Russ Berrie & Co., Inc. v. Jerry Elsner Co.,* 482 F.Supp. 980, 988 (S.D.N.Y. 1980)*; accord, Eckes v. Card Prices Update,* 736 F.2d 859, 861-62 (2d Cir. 1984).

Here, the Complaint alleges that Plaintiff was an employee of the U of M,

17

and that his work on the Preexisting Oncomine Works was in the course and scope of his employment with the U of M. (Dkt #1, Complaint ¶¶ 19-35.) Plaintiff effectively admits that, as such, the U of M is the owner of the Preexisting Oncomine Works. (Dkt. #9, Response to Motion to Dismiss, pp. 6-7; Dkt #16, Surreply Brief, p. 5.)

Despite this, however, Plaintiff failed to disclose the existence of the Preexisting Oncomine works to the U.S. Copyright Office when he sought a copyright registration for his alleged Oncomine program, which he has freely admitted was merely "building on" those Preexisting Oncomine Works. (Dkt #1, Complaint, ¶ 32.) This failure is in violation of the *requirement* to make such a disclosure as plainly set forth in Copyright Office Circular 61.[9] One may reasonably question whether this omission was unintentional, since if disclosed it may well have prevented Plaintiff from securing the copyright registration necessary as a prerequisite to filing this lawsuit.

Plaintiff's failure to disclose the existence and substance of the Preexisting Oncomine Works prevented the Copyright Office from having a full and fair opportunity to evaluate the originality of Plaintiff's work.[10] The Copyright Office

---

[9]      *See* Exhibit 1 ("Copyright Registration for Computer Programs"), page 1 "Limitation of Claim."

[10]      We do not know – and according to Plaintiff's deposition, we can never know – how substantial his additions were, because Plaintiff has "lost" the computer or computer(s) on which

was effectively denied the opportunity to evaluate whether Plaintiff in fact made substantial additions and changes to the underlying work that would entitle him to copyright protection in *his* claimed derivative work.[11]   For this reason, any presumption of copyright ownership afforded to the Plaintiff should be removed, and Plaintiff required to establish ownership over an <u>original</u> work sufficient to grant him standing to bring a copyright infringement suit[12].

An unpublished decision out of the Central District of California, *Express, LLC v. Forever 21,* 2010 U.S. Dist. LEXIS 91705 (C.D. Cal., Case No. cv-09-4514-ODW-VBKx, September 2, 2010), appears astonishingly on point and may be of persuasive value or at least instructional.  *See* Exhibit 2 (Summary Judgment Order).[13]   There, the Court required the plaintiff to prove the difference and originality of its allegedly infringed derivative work, i.e., certain plaid designs. Plaintiff, however, possessed no evidence of the work it had performed on the underlying plaid designs as to which it alleged infringement.  Plaintiff's designer

---

he allegedly performed the work, kept no back-up copies, and deposited with the Copyright Office, presumably, a reconstruction of his work.

[11]      *Past Pluto Productions Corp.*, *supra,* 627 F.Supp. at 1441; *see also, Schrock v. Learning Curve Int'l, Inc.*, 586 F.3d 513, 521 (7th Cir. 2009), *citing* 1 Nimmer on Copyright § 3.01 at 3-2, § 3.03[A] at 3-7.

[12]      Although as a matter of federal copyright law there are not the same specific duties of disclosure as in patent law, certainly there are still duties, on the part both of the applicant and of his counsel.  Here, neither Plaintiff nor his counsel disclosed in Plaintiff's copyright registration application that it was a derivative work, even though there is a directive to do so.  This should have been corrected before bringing suit.

[13]      While this case was appealed, it later settled and the appeal thus dismissed, therefore leaving the ruling and rationale undisturbed.

19

admitted the claimed works were derivative works and could not point out any originality from the underlying plaids. The Court therefore granted summary judgment in favor of the defense – and awarded its substantial attorney's fees.[14] *See*, Exhibit 3 (Attorneys' Fees Order).

Likewise, in this case, it appears that Plaintiff cannot prove the content of the underlying work or the work that he allegedly performed to make the derivative work. Even more, because Plaintiff's attorney *must* have known about the misstatement or omission (having been the firm that submitted the registration request, as reflected on Dkt. #1, Exhibit A), or certainly *should have known* after a reasonable investigation, a violation of Rule 11 is implicated.

In short, the registration is invalid on its face given Plaintiff's clear and uncontradicted deposition testimony. Without a valid registration, there is no standing.

---

[14]     In doing so, the court also observed that:

> a number of courts have granted summary judgment against a copyright owner in light of evidence that the owner failed to inform the Copyright Office that the work at issue was derived from another pre-existing work. *See R. Ready Productions, Inc. v. Cantrell, 85 F. Supp. 2d 672, 692 (S.D. Tex. 2000)* (invalidating the asserted copyright where "Plaintiffs failed to disclose in their registration application that there were pre-existing mailers on which Plaintiffs' works were substantially based. . . . [and] this was not an inadvertent error"); *Russ Berrie & Co., Inc. v. Jerry Elsner Co., Inc., 482 F. Supp. 980, 988 (S.D.N.Y. 1980)*; *Vogue Ring Creations, Inc. v. Hardman, 410 F. Supp. 609, 615-16 (D.R.I. 1976)*.

*Id.* at *20.

20

**D.     Plaintiff's Application and Registration is Invalid and Unenforceable Because He Failed to Submit An Original or Bona Fide Copy of the Work to the Copyright Office**

Plaintiff does not have a valid copyright registration because he admits that he failed to deposit either (1) the original copy of his claimed Oncomine software, or (2) a bona fide copy as allowed by the Sixth Circuit in *Coles v. Wonder*, 283 F.3d 798, 802 (6th Cir. 2002); s*ee also, Shroats v. Customized Technology, Inc.*, 2011 U.S. Dist. LEXIS 68142 at *18 (N.D.Ill., Case No. No 08 C5565 June 22, 2011).   In *Coles,* the Sixth Circuit held that a copyright registration must include "the bona fide copies of an original work."   283 F.3d at 801.   Quoting *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209 (9th Cir. 1998), the court stated that "[w]hile it may be possible for an artist to accurately reproduce his or her previous work from memory, for the purpose of certainty in obtaining copyright registration, such reproductions are simply insufficient."   *Id.* at 802.   Rather, the deposit must be "virtually identical to the original" and "must have been produced by directly referring to the original." *Id.*

Citing *Coles,* the Court in *Shroats*, a case analogous to the present matter, granted the defendant's motion for summary judgment when the record indicated that the plaintiff did not deposit[15] the original software or an identical copy of the

---

[15]     Plaintiff in *Shroats* could not testify that he deposited the original of his work because, like the Plaintiff in *this* case, he did not review the deposit prior to filing with the Copyright Office.  *Shroats,* 2011 U.S. Dist. LEXIS 68142 at *19.

21

software with the Copyright Office. *Shroats*, 2011 U.S. Dist. LEXIS 68142 at *18. Instead, the Plaintiff submitted a reconstructed version of his software that he downloaded from the school server some ten years later and modified in accordance with what he believed he had created a decade earlier. *Id* at 19. Plaintiff's conduct was necessitated by the fact that he did not have an original copy of the software when he made his deposit with the Copyright Office. *Id.* at 13-14. The court noted that "[t]he case law is clear that a reconstructed version cannot satisfy the deposit requirement. *Id*. at 19 (internal citations omitted).

Likewise, in this case, the Plaintiff has testified that he is not currently in possession of the actual software he claims a copyright in, namely, Oncomine 3.5 and an identical version of what he refers to as "Oncomine 4.0." Plaintiff testified in his deposition that he no longer had the computer that he used to perform work for Compendia and he did not back-up his computer or store the files. Thus, as in *Shroat*, Plaintiff was forced to reconstruct his deposited software without reference to the original. Such reconstructions are insufficient to support a copyright claims, as well as grounds to invalidate a copyright registration.

### E. Plaintiff's Application and Registration Likely Constitute Fraud on the Copyright Office Such that His Purported Registration Is Invalid and Subject to Cancellation

Plaintiff's application and registration likely constitute fraud on the Copyright Office, based on Plaintiff's deposition. As a result, Defendants will, if this Motion is not granted, move for leave to file a counterclaim for invalidity of

the registration at issue.[16]  If the motion *is* granted, Defendants will petition the Copyright Office for cancellation on the same grounds.  While there is no explicit or affirmative duty of candor to the Copyright Office as there is to the Patent and Trademark Office, nevertheless a finding of fraud on the Copyright Office results in invalidity and loss of subject matter jurisdiction in a case. *See*, 2 Nimmer on Copyright § 7.20 ("If the claimant willfully misstates or fails to state a fact that, if known, might have caused the Copyright Office to reject the application, then the registration may be ruled invalid.).

Specifically, the Copyright Act provides in Section 410(b) that the Register of Copyrights must refuse registration to any claim that is invalid.  17 U.S.C. § 410.  Section 411 prevents an applicant from obtaining remedies for copyright infringement if inaccurate information was included in the application (a) with knowledge that it was inaccurate, and (b) the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration. 17 U.S.C. § 411.

How may a District Court know whether the Register of Copyrights would have refused registration?  The Court can, and *must*, ask.  In 2008, Congress

---

[16]     Moreover, given the resultant and inextricable overlap between the indisputable rights of U of M in the Preexisting Oncomine Works – which, in its exclusive license to Compendia, U of M expressly reserved its rights to create its *own* derivative works, e.g., versions of Oncomine subsequent to 3.0 – and the separate rights claimed by Plaintiff relative to works that are derivative of Oncomine 3.0, Defendants anticipate that such will implicate the necessary joinder of the U of M under Rule 19.

23

amended Section 411 to require that a court, in the middle of a copyright infringement litigation, must seek the advice of the Register if an issue arises pertaining to fraud during the registration process.  Specifically, Section 411(b)(2) provides that:  "In any case in which inaccurate information . . . is alleged, the court shall request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration."  17 U.S.C. § 410.

However, since Plaintiff has destroyed, disposed of, or lost the version of Oncomine he claims to have authored and copyrighted, the Copyright Office cannot gauge the materiality of his omission, nor can Plaintiff establish a "substantial difference" between the underlying and derivative works, because the latter no longer exists.

## V.    THIS COURT SHOULD DECLINE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW UNJUST ENRICHMENT CLAIM

Plaintiff asserts that this Court has supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367 because they are related to Plaintiff's copyright infringement claim and form a part of the same case and controversy under Article III of the United States Constitution.  (Dkt #1, Complaint ¶ 7).

However, because Plaintiff lacks standing to bring a claim against Defendants under the Copyright Act, the independent bases of federal jurisdiction does not exist, and this Court should decline supplemental jurisdiction over

24

Plaintiff's pendant state law claim.  Per the Supreme Court's admonition in *Gibbs,* supplemental jurisdiction should be rare when all federal claims have been dismissed before trial.  *Gibbs*, *supra,* 383 U.S. at 726-27.

## VI.    CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court grant their motion for judgment on the pleadings, including a declination to exercise supplemental jurisdiction.

Dated:  May 20, 2014                              Respectfully submitted,

                                                 **GORDON & REES, LLP**

                                  by **/s/ *Richard P. Sybert***
                                       Richard P. Sybert
                                       rsybert@gordonrees.com
                                       Kimberly D. Howatt
                                       khowatt@gordonrees.com
                                       Justin H. Aida
                                       jaida@gordonrees.com
                                       101 W. Broadway, Suite 2000
                                       San Diego, CA 92101
                                       Tel: (619) 696-6700 / Fax: (619) 696-7124
                                       Attorneys for Defendants Compendia
                                       Bioscience, Inc. and Life Technologies
                                       Corporation

                                       DICKINSON WRIGHT PLLC
                                       John S. Artz (P48578)
                                       jsartz@dickinsonwright.com
                                       Frank M. Smith (P76987)
                                       fsmith@dickinsonwright.com
                                       2600 W. Big Beaver Road, Suite 300
                                       Troy, MI 48084-3312

Tel: (248) 433-7262 / Fax: (248) 433-7274
Attorneys for Defendants Compendia
Bioscience, Inc., and Life Technologies
Corporation

Adam M. Tschop
LIFE TECHNOLOGIES CORPORATION
5791 Van Allen Way
San Diego, CA 92008
Tel: (760) 603-7200 / Fax: (760) 476-6048
Adam.Tschop@thermofisher.com
Attorneys for Defendants Compendia
Bioscience, Inc. and Life Technologies
Corporation

**CERTIFICATE OF ELECTRONIC SERVICE**

I hereby certify that on May 20, 2014, I electronically filed the following documents:

1. **DEFENDANTS COMPENDIA BIOSCIENCE, INC. AND LIFE TECHNOLOGIES CORPORATION'S MOTION FOR JUDGMENT ON THE PLEADINGS**

2. **DEFENDANTS COMPENDIA BIOSCIENCE, INC. AND LIFE TECHNOLOGIES CORPORATION'S BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

3. **INDEX OF EXHIBITS IN SUPPORT OF DEFENDANTS COMPENDIA BIOSCIENCE, INC. AND LIFE TECHNOLOGIES CORPORATION'S MOTION FOR JUDGMENT ON THE PLEADINGS**

4. **DECLARATION OF RICHARD P. SYBERT IN SUPPORT OF DEFENDANTS COMPENDIA BIOSCIENCE, INC. AND LIFE TECHNOLOGIES CORPORATION'S MOTION FOR JUDGMENT ON THE PLEADINGS**

with the Clerk of the Court for the Eastern District of Michigan using the ECF System which will send notification to the following registered participants of the ECF System as listed on the Court's Notice of Electronic Filing:

| | |
|---|---|
| David J. Gaskey<br>Steven C. Susser<br>Brian B. Brown<br>Carlson, Gaskey & Olds, P.C.<br>400 W Maple Road, Suite 350<br>Birmingham, MI 48009<br>Tel.: 248-283-0737<br>Fax: 248-988-8363<br>Email: dgaskey@cgolaw.com<br>Email: ssusser@cgolaw.com<br>Email: bbrown@cgolaw.com | Attorneys for Plaintiff Vasudeva Mahavisno |

27

| John S. Artz<br>Dickinson Wright PLLC<br>2600 W. Big Beaver, Suite 300<br>Troy, MI 48084-3312<br>248-433-7262<br>Email: jsartz@dickinsonwright.com | Co-counsel for Defendants Compendia Bioscience, Inc. and Life Technologies Corporation |
|---|---|

I declare, under the penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed on May 20, 2014.

_____
Ashley Montgomery