UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOURTHERN DIVISION

| | |
|---|---|
| **VASUDEVA MAHAVISNO,** an individual, | |
| **Plaintiff,** | Case No. 2:13-CV-12207-SFC-MAR |
| v. | District Judge: Hon. Sean F. Cox |
| **COMPENDIA BIOSCIENCE, INC.,** a Michigan corporation, and **LIFE TECHNOLOGIES CORPORATION,** a Delaware corporation, | |
| **Defendants.** | |

ORDER DENYING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S UNTIMELY "SUPPLEMENTAL EXPERT REPORT OF THOMAS W. BRAGG"

## I.     Introduction

Defendants Compendia Bioscience, Inc. and Life Technologies Corporation (collectively Defendants) move to strike the "Supplemental Expert Report of Thomas W. Bragg" (supplemental Bragg report) served by Plaintiff Vasudeva Mahavisno (Plaintiff).  (ECF ##63 (sealed) and 65 (unsealed).)  The Court finds that the issues have been adequately presented in the parties briefs and that oral argument would not significantly aid the decisional process.  (*See* Local Rule 7.1(f)(2).)  The Court therefore orders that the motion will be decided upon the

briefs. For the reasons set forth below, the Court **DENIES** Defendants' motion to strike.

## II. Facts and Procedural Background

This case involves Plaintiff's claims that Defendants' software products infringe his copyrighted software. (ECF #45.) In connection with these claims, both parties have retained software experts. The Court's Scheduling Order called for Plaintiff to serve an expert report on November 24, 2014, and for Defendants to serve an expert rebuttal report on December 23, 2014. (ECF #47.)

Plaintiff timely served the "Expert Report of Thomas W. Bragg" (original Bragg report) on November 24, 2014. Then, on December 12, 2014, and without notice, Plaintiff served the supplemental Bragg report.

The Court understands from the parties' briefing that both expert reports express the same opinion, namely, that Defendants' software products are copies and derivative works of Plaintiff's copyrighted software. (*See*, *e.g.*, pl.'s resp. br., ECF #66, at pp. 2-3.) The supplemental Bragg report is the product of "further analysis" of the same materials reviewed in the preparation of the original Bragg report. (*Id*. at p. 3) Compared to the original Bragg report, the supplemental Bragg report alleges "additional examples of source code similarity" between Defendants' software products and Plaintiff's copyrighted software. (*Id.*)

Plaintiff explains that the reason for his untimely service of the supplemental Bragg report is that his expert "did not have the time to include" his further analysis in the original Bragg report. According to Plaintiff, his expert "was short on time," first, because of the volume of Defendants' source code, and second, because his expert's ability to draw on Plaintiff's knowledge was limited by Defendants' use of an "Attorney's Eyes Only" designation on their source code.

Due to its untimeliness, the supplemental Bragg report became the subject of the instant motion to strike. (ECF #65.) Defendants alternatively sought an extension of time on their expert rebuttal disclosure, so they could make it responsive to the supplemental Bragg report. (*Id*.) Plaintiff agreed to the extension of time, but Defendants chose not to take advantage of this agreement. (ECF ##66 and 72.) Instead, Defendants made their expert rebuttal disclosure responsive to both the original Bragg report and the supplemental Bragg report, and timely served it on December 23, 2014. (ECF #67.) Having prepared and timely served a fully responsive expert rebuttal disclosure, Defendants withdrew their alternative request for an extension of time. (*Id*.)

**III. Legal Standards**

An expert's report must "be made at the time and in the sequence directed by the court." Fed. R. Civ. P. 26(a)(2)(D). Plaintiff concedes that he failed to timely serve the supplemental Bragg report under the Court's Scheduling Order.

3

(ECF #66 at p. 4.) Plaintiff's Rule 26(a) failure invokes Rule 37(c)(1), which instructs that Plaintiff is not allowed to use the supplemental Bragg report "to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Plaintiff, as "the potentially sanctioned party," has the burden of proving that his untimely service of the supplemental Bragg report is substantially justified or is harmless. *See Roberts v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003).

### IV. Analysis

Both parties emphasize that the supplemental Bragg report is the product of Plaintiff's expert's further analysis of the same materials he reviewed for the original Bragg report. As such, the supplemental Bragg report is not based on new materials. Defendants argue that this demonstrates the lack of justification for Plaintiff's untimely service of the supplemental Bragg report. Plaintiff on the other hand argues that this, coupled with the supplemental Bragg report expressing the same opinion as the original Bragg report, makes Plaintiff's delay harmless.

The Court finds that Plaintiff's untimely submission his supplemental expert report was harmless.

Defendants measure the harm of Plaintiff's Rule 26(a) failure in terms of the work involved in formulating a response to the supplemental Bragg report. At the time of their opening brief, Defendants argued that they were prejudiced by the

limited time remaining under the Court's Scheduling Order to render their forthcoming expert rebuttal disclosure responsive to the supplemental Bragg report. In connection with this argument, Defendants alternatively sought an extension of time. In their reply, having prepared and timely served their fully responsive expert rebuttal disclosure, Defendants argued that they were prejudiced by the time and resources required to do so.

Plaintiff more or less suggests, without outright stating, that formulating a response to the supplemental Bragg report is not that big a deal. As noted above, Plaintiff explains that the supplemental Bragg report is not based on new materials and expresses the same opinion as the original Bragg report. According to Plaintiff, the supplemental Bragg report only alleges additional examples of source code similarity between Defendants' software products and Plaintiff's copyrighted software.

It appears to the Court that Defendants' work in formulating a response to the supplemental Bragg report was only incremental to the work of formulating a response to the original Bragg report. Defendants have not specified what this incremental work was, if any. The record however shows that Defendants chose not to take advantage of Plaintiff's agreement to an extension of time on their expert rebuttal disclosure. The record also shows that notwithstanding Plaintiff's delay, Defendants were able to render their expert rebuttal disclosure responsive to

both the original Bragg report and the supplemental Bragg report in enough time to timely serve it.

In their reply, Defendants argue that their ability to timely formulate a response to the supplemental Bragg report should not be held against them, much less inure to Plaintiff's benefit. To be sure, the Court applauds Defendants' efforts, and is not indifferent to Plaintiff's Rule 26(a) failure. However, the question is whether Plaintiff's untimely service of the supplemental Bragg report is harmless. Defendants do not assert any lasting prejudice to their ability to defend themselves against Plaintiff's claims. Instead, Defendants are only able to measure the harm of Plaintiff's Rule 26(a) failure in terms of the unspecified incremental work in formulating a response to the supplemental Bragg report over that of formulating a response to the original Bragg report. Whatever this harm was, Defendants had the ability to, and did, cure it, without even needing an extension of time on their expert rebuttal disclosure. Significantly, Plaintiff's delay did not prejudice Defendants' future ability to test the supplemental Bragg report, since at the time of the parties' briefing, expert depositions had not even been scheduled.

Since the unspecified harm of Plaintiff's untimely service of the supplemental Bragg report is cured, and since Plaintiff's delay does not present any lasting prejudice to Defendants, the Court finds that Plaintiff's Rule 26(a) failure is

harmless. In the future, Plaintiff shall pay close attention to the Court's scheduling order. The Court will strictly enforce the deadlines in its scheduling order.

## V. Conclusion

The Court finds that Plaintiff's failure in timely serving the supplemental Bragg report is harmless under Rule 37(c)(1). Defendants' motion to strike is therefore **DENIED**.

**IT IS SO ORDERED.**


Dated: July 16, 2015

s/ Sean F. Cox
Sean F. Cox
U. S. District Judge


I hereby certify that on July 16, 2015, the document above was served on counsel and/or the parties of record via electronic means and/or First Class Mail.

s/ Jennifer McCoy
Case Manager