UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOURTHERN DIVISION

| | |
|---|---|
| **VASUDEVA MAHAVISNO,** an individual, **Plaintiff,** v. **COMPENDIA BIOSCIENCE, INC.,** a Michigan corporation, and **LIFE TECHNOLOGIES CORPORATION,** a Delaware corporation, **Defendants.** | Case No. 2:13-CV-12207-SFC-MAR District Judge: Hon. Sean F. Cox |

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO COMPEL (DOCS. ##70 AND 71)**

**I.   Introduction**

Plaintiff Vasudeva Mahavisno ("Plaintiff) moves under Fed. R. Civ. P. 37(a)(1) for an order compelling Defendants Compendia Bioscience, Inc. (Compendia) and Life Technologies Corporation ("Life") (collectively "Defendants") to produce documents. (Docs. ##70 (unsealed) and 71 (sealed).)

The Court finds that the issues have been adequately presented in the parties briefs and that oral argument would not significantly aid the decisional process. E.D. Mich. L.R. 7.1(f)(2). The Court therefore orders that the motion will be decided upon the briefs.

1

For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion to compel.

## II.     Facts and Procedural Background

This case involves Plaintiff's claims that Compendia breached promises to pay him in return for creating copyrighted computer software, and that Defendants' versions of "Oncomine" software infringe his copyright in his computer software. (Doc. #45.)

In 2002, Plaintiff, Dr. Daniel Rhodes and Dr. Arul Chinnaiyan were at the University of Michigan ("UM") – Plaintiff as a student computer consultant under Dr. Chinnaiyan, and Dr. Rhodes as a Ph.D. candidate.  There, Dr. Chinnaiyan and Dr. Rhodes conceived the idea for what would become Oncomine software. Plaintiff, as a student and later as a UM employee, wrote code for early versions of Oncomine software.

In 2006, Dr. Chinnaiyan and Dr. Rhodes left UM and co-founded Compendia to further develop and commercialize Oncomine software.  At Compendia's request, Plaintiff continued writing code for Oncomine software, some of which Plaintiff now claims copyrights in.  In return, Plaintiff alleges that Compendia promised to pay him a salary, a bonus, stock options and a percentage interest in Compendia.  Compendia never paid Plaintiff this or any other compensation, and Plaintiff stopped writing code for Oncomine software in 2007.

Life acquired Compendia in October 2012. Compendia sold, and Life sells, versions of Oncomine software that Plaintiff claims infringe his copyrighted code. In September 2012, just before Life acquired Compendia, Plaintiff alleges that Dr. Rhodes approached him and offered to have Compendia pay him for his intellectual property rights in Oncomine software, and that Plaintiff refused this offer.

During discovery in this case, Plaintiff asserts that he has requested, and that Defendants have failed to produce, code for Oncomine software, development records for Oncomine software, due diligence records related to Life's acquisition of Compendia and documents related to Compendia's valuation.

### III. Legal Standards

Subject to Rule 26(b), a party is allowed to request production of documents and tangible things in another party's possession, custody or control. Fed. R. Civ. P. 37(a)(1). Rule 26(b) instructs that a party may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). If a party fails to make a requested discovery, including if that party's discovery response is evasive or incomplete, the requesting party may move for an order compelling discovery. Fed. R. Civ. P. 37(a)(1)-(4). If a discovery request goes beyond matters relevant to a party's claim or defense, the Court, "for good

cause," "may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1).

**IV.  Analysis**

As pointed out above, Plaintiff asserts that he has requested, and that Defendants have failed to produce, computer software code for Oncomine software, development records for Oncomine software, due diligence records related to Life's acquisition of Compendia and documents related to Compendia's valuation. In this motion, Plaintiff moves under Rule 37(a)(1) for an order compelling Defendants to produce these documents.[1]

### A. Code for Oncomine Software

With respect to computer software code for Oncomine software, Plaintiff requests:

> 48.  All source code and object code for any version of Oncomine software sold or licensed by Compendia or Life Technologies to any person, including but not limited to the software referred to by Defendants as Oncomine 4.0 and all subsequent versions of Oncomine that have been licensed or sold by either Defendant.

(Pl.'s 2nd Req. for Produc. of Docs., Doc. #70 at Ex. 3.) Subject to some objections, Defendants agreed to "produce its relevant, responsive, non-privileged

---

[1] Defendants argue that Plaintiff failed to satisfy the meet and confer requirements of Local Rule 37.1. However, on December 19, 2014, over three weeks ahead of filing the instant motion, Plaintiff emailed Defendants a proposed order directed to all of the documents he now seeks, and Defendants replied on December 22, 2014 that they did not concur. (*See* Doc. #74 at Exs. B and G.)

4

documents and/or things in its possession, custody, or control." (Defs.' Resp. to Pl.'s 2nd Req. for Produc. of Docs., Doc. #70 at Ex. 4.)

Plaintiff acknowledges that Defendants have produced some code for Oncomine Software, but moves for an order compelling Defendants to produce "[c]omplete versions of the source code for the Oncomine software, including all 'pipeline' code previously withheld." Against his broadly worded request for "all" code, and his motion to compel "complete versions" of Oncomine software, Plaintiff does not explain what code, if any, remains to be produced beyond the requested pipeline code. Plaintiff further does not explain why any such remaining code is relevant. The Court therefore limits is consideration to the requested pipeline code.

In their response brief, Defendants acknowledge that the requested pipeline code exists, and do not make any claims of privilege in the pipeline code. Accordingly, the issue before the Court is whether the pipeline code is relevant to any party's claim or defense under Rule 26(b)(1).

According to Defendants, the pipeline code is irrelevant because Plaintiff did not write code for the pipeline part of Oncomine software. Defendants base this conclusion on Plaintiff's deposition testimony that he "did not do anything with the data pipeline when it comes to Oncomine." (Mahavisno Dep. Tr. 269:20-24, Doc. #74 at Ex. A.)

5

This testimony apparently references prior deposition testimony where Plaintiff discusses the code he wrote for early versions of Oncomine software as a UM student and employee. (*Id.* at 31:12-32:11, 37:2-3, 37:10-12, 39:19-40:12 and 40:9-12.) As for the code Plaintiff wrote at Compendia's request – that is, the code to which he now claims to own copyrights – Plaintiff testifies that he wrote code for "all phases" of Oncomine software, including code for "Molecular Concept Map," which relates to the pipeline part of Oncomine software, and code for "MyOncomine," which is an addition to the pipeline part of Oncomine software. (Mahavisno Dep. Tr. 260:24-261:1, Doc. #78 at Ex. 1; Mahavisno Dep. Tr. 350:21-352:1, 357:6-19 and 491:21-492:8, Doc. #78 at Ex. 2.) Moreover, Plaintiff's expert identifies several instances of "pipeline" in the materials corresponding to Plaintiff's copyrights. (Suppl. Expert Rep. of Thomas W. Bragg at ¶¶ 9, 11 and 15, Doc. #71 at Ex. 5 (sealed).)

The record before the Court shows that Plaintiff did write software code for the pipeline part of Oncomine software. As a result, there is a possibility of correspondence between the pipeline code and Plaintiff's copyrighted code. The Court accordingly finds that the requested pipeline code is relevant to Plaintiff's claim that Defendants' versions of Oncomine software infringe his copyrighted code.

The Court will therefore **GRANT** Plaintiff's motion to compel as to "all 'pipeline' code." However, absent an explanation of the relevance of the code, if any, that remains to be produced beyond the requested pipeline code, the Court will **DENY** Plaintiff's motion to compel as to "[c]omplete versions of the source code for the Oncomine software."

### B. Development Records for Oncomine Software

With respect to development records for Oncomine software, Plaintiff requests production of:

> 56. All documents related to the creation, design, or development of any version of Oncomine software sold or licensed by Compendia or Life Technologies to any person, including but not limited to the software referred to by Defendants as Oncomine 4.0 and all subsequent versions of Oncomine that have been licensed or sold by either Defendant.
>
> 57. All documents concerning any changes or modifications to any version of Oncomine software sold or licensed by Compendia or Life Technologies to any person, including but not limited to the software referred to by Defendants as Oncomine 4.0 and all subsequent versions of Oncomine that have been licensed or sold by either Defendant.

(Pl.'s 2nd Req. for Produc. of Docs., Doc. #70 at Ex. 3.) For both requests, subject to some objections, Defendants agreed to "produce relevant, responsive, non-privileged documents and/or things in its possession, custody, or control, to the extent not previously produced." (Defs.' Resp. to Pl.'s 2nd Req. for Produc. of Docs., Doc. #70 at Ex. 4.)

Defendants argue that they have produced records from a system called "JIRA," software developer notebooks, presentations detailing the evolution of the Oncomine application and records from a system called "Confluence." Plaintiff, arguing that Defendants' production is incomplete, moves for an order compelling Defendants to produce "[c]omplete development records for the Oncomine software, including all story cards, JIRA records, and Confluence records."

In their response brief, Defendants do not challenge the relevance of either these particular development records for Oncomine software or of development records generally. As Plaintiff points out, as a part of their defense, Defendants take the position that the versions of Oncomine software that Plaintiff claims infringe his copyrighted code are a "complete rewrite" of the versions of Oncomine software for which Plaintiff wrote code. The Court agrees with Plaintiff that development records for Oncomine software are relevant to this part of Defendants' defense.

Plaintiff argues that Defendants' witness' deposition testimony shows that Compendia's JIRA records were transferred to Life, that those JIRA records contain reproductions of story cards, and that Life has Confluence records. (*See* Bonevich Dep. Tr. 93:7-13, 93:25-94:8, 94:15-25, 96:3-6, 97:8-20, 99:19-25, 100:6-9, 100:21-22, 124:2-25 and 125:8-12, Doc. #71 at Ex. 6 (sealed).) According to Plaintiff, Defendants' production is incomplete because they have not

produced any story cards, Compendia's JIRA records or Life's Confluence records.

Defendants argue that the same and other deposition testimony shows that Defendants' witness speculated that Compendia's JIRA records were transferred to Life but is otherwise unaware of what happened to them, and that the story cards were physical three-by-five cards which no longer exist. (*See id.* 93:7-11, 94:6-21, 96:8-12 and 125:1-3; Bonevich Dep. Tr. 79:17-80:7, 89:19-24, 90:17-25, 90:23-25 and 90:23-91:8, Doc. #74 at Ex. C (sealed); Wyngaard Dep. Tr. 96:20-25 and 171:7-19, Doc. #74 at Ex. D (sealed).) Defendants further argue that they have produced Life's Confluence records.

Aside from the physical story cards, which the record shows exist, if at all, as reproductions in Compendia's JIRA records, it appears to the Court that there is an open question about the existence of development records for Oncomine software beyond those Defendants have already produced. Defendants suggest that the existence of Compendia's JIRA records at Life is only speculative, but do not affirmatively state that Life does not have Compendia's JIRA records. Defendants further state that they have produced those of Life's Confluence records "that were requested, non-privileged, and within the scope of Rule 26(b)," but do not affirmatively state whether more of Life's Confluence records exist, and if so, the

9

basis for their unilateral determination that the remaining Confluence records are irrelevant. (*See* Doc. #74 at p. 13.)

Because the Court finds that development records for Oncomine software are relevant, the Court will **GRANT** Plaintiff's motion to compel "[c]omplete development records for the Oncomine software, including all story cards, [with the understanding that they may only exist as reproductions in Compendia's JIRA records,] JIRA records, and Confluence records." Considering the open question about the existence of development records for Oncomine software beyond those Defendants have already produced, Defendants may satisfy the Court's order by affirmatively stating, without qualification, that such records either do not exist or have been produced in their entirety.

### C. Due Diligence Records Related to Life's Acquisition of Compendia

With respect to due diligence records related to Life's acquisition of Compendia, Plaintiff requests production of:

> 23. All documents related to Life Technologies's purchase or acquisition of Compendia.

(Pl.'s 1st Req. for Produc. of Docs., Doc. #70 at Ex. 1.) Subject to some objections, Defendants agreed to "produce the final agreements for Life's acquisition of Compendia and any amendments thereto." (Defs.' Am. Resp. to Pl.'s 1st Req. for Produc. of Docs., Doc. #74 at Ex. I.)

10

Plaintiff does not dispute that Defendants have produced the promised final agreements, but moves for an order compelling Defendants to produce "[c]omplete due diligence records related to [Life]'s purchase of Compendia including the [Life] term sheet, pre-term sheet summaries, all documents exchanged through the 'data room' or otherwise, all questionnaires, and all of [Life]'s due diligence reports."

In their response brief, Defendants do not dispute that the requested due diligence records exist, and do not make any claims of privilege in the due diligence records. Accordingly, the issue before the Court is whether the due diligence records are relevant to any party's claim or defense under Rule 26(b)(1).

Defendants do not affirmatively argue that either the particular due diligence records identified by Plaintiff or due diligence records generally are irrelevant. Instead, Defendants argue that Plaintiff has not satisfied his burden of showing that due diligence records are relevant. As Plaintiff points out, as a part of their defense, Defendants take the position that Life did not assign any value to the versions of Oncomine software for which Plaintiff wrote code. Considering that Compendia was founded to further develop and commercialize Oncomine software, the Court agrees with Plaintiff that due diligence records are relevant to this part of Defendants' defense.

11

Since the Court finds that due diligence records related to Life's acquisition of Compendia are relevant, the Court will **GRANT** Plaintiff's motion to compel "[c]omplete due diligence records related to [Life]'s purchase of Compendia including the [Life] term sheet, pre-term sheet summaries, all documents exchanged through the 'data room' or otherwise, all questionnaires, and all of [Life]'s due diligence reports."

### D. Documents Related to Compendia's Valuation

With respect to documents related to Compendia's valuation, Plaintiff requests production of:

22. All documents related to the value of Compendia.

23. All documents related to Life Technologies's purchase or acquisition of Compendia.

\*\*\*

67. All documents related to any analysis, valuation, discussion, communication or negotiation related to any potential purchase of Compendia by any company including but not limited to Entelos.

(Pl.'s 1st Req. for Produc. of Docs., Doc. #70 at Ex. 1; Pl.'s 2nd Req. for Produc. of Docs., Doc. #70 at Ex. 3.) For requests 22 and 67, Defendants object on grounds of relevance, among others, but as pointed out above, for request 23, subject to some objections, agreed to "produce the final agreements for Life's acquisition of Compendia and any amendments thereto." (Defs.' Am. Resp. to

Pl.'s 1st Req. for Produc. of Docs., Doc. #74 at Ex. I; Defs.' Resp. to Pl.'s 2nd Req. for Produc. of Docs., Doc. #70 at Ex. 4.)

As pointed out above, Plaintiff does not dispute that Defendants have produced the promised final agreements. In addition, Plaintiff does not dispute that Defendants have produced an ultimately unaccepted purchase proposal from Entelos, as well as audited financials, tax records and a chronology of the valuation of Compendia stock around the time of Life's acquisition. Plaintiff however suggests that Defendants' production is incomplete, and moves for an order compelling Defendants to produce "[a]ll documents related to the valuation of Compendia and the Oncomine software."

In their response brief, Defendants do not dispute that the requested valuation documents exist, and do not make any claims of privilege in the valuation documents. Accordingly, the issue before the Court is whether the valuation documents are relevant to any party's claim or defense under Rule 26(b)(1).

As for the due diligence records discussed above, Defendants do not affirmatively argue that valuation documents are irrelevant. Instead, Defendants argue that Plaintiff has not satisfied his burden of showing that valuation documents are relevant. However, once again considering that Compendia was founded to further develop and commercialize Oncomine software, the Court

agrees with Plaintiff that valuation documents are relevant to Defendants' position that Life did not assign any value to the versions of Oncomine software for which Plaintiff wrote code.

Since the Court finds that documents related to Compendia's valuation are relevant, the Court will **GRANT** Plaintiff's motion to compel "[a]ll documents related to the valuation of Compendia and the Oncomine software."

### V. Attorney's Fees

Plaintiff moves for the attorney's fees under Rule 37(a)(5) incurred in making the instant motion. Since the Court will **GRANT** Plaintiff's motion to compel **IN PART**, Rule 37(a)(5) instructs the Court to apportion Plaintiff's reasonable expenses in making the instant motion, including attorney's fees, unless:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii) and (C).

In this case, the Court finds that attorney's fees are not warranted at least under the second factor because Defendants' nondisclosures, responses or objections, as the case may be, are substantially justified. Fed. R. Civ. P. 37(a)(5)(A)(ii).

14

With respect to code for Oncomine software, much of the evidence that Plaintiff wrote code for the pipeline part of Oncomine software came from the deposition on January 16, 2015, after Plaintiff filed the instant motion, and only about two weeks before Defendants made their response on February 2, 2015. With respect to development records for Oncomine software, Defendants did produce some development records, and it is not even clear whether development records beyond those Defendants have already produced even exist. With respect to both due diligence records related to Life's acquisition of Compendia and documents related to Compendia's valuation, Plaintiff did not completely articulate the relevance of these materials until his reply.

Since the Court finds that attorney's fees are not warranted at least under Rule 37(a)(5)(A)(ii), the Court will **DENY** Plaintiff's motion for attorney's fees.

### VI. Conclusion

For the reasons set forth above, Plaintiff's motion to compel is **GRANTED IN PART**. Within 30 days from the date of this order, Defendant will produce the following documents:

a) All "pipeline" code;

b) Complete development records for the Oncomine software, including all story cards, with the understanding that they may only exist as

    reproductions in Compendia's JIRA records, JIRA records and Confluence records;

    c) Complete due diligence records related to Life's purchase of Compendia including the Life term sheet, pre-term sheet summaries, all documents exchanged through the "data room" or otherwise, all questionnaires, and all of Life's due diligence reports; and

    d) All documents related to the valuation of Compendia and the Oncomine software.

Plaintiff's motion to compel is **DENIED** as to complete versions of the source code for the Oncomine software.

Plaintiff's motion for attorney's fees is **DENIED**.

    **IT IS SO ORDERED.**


Dated: September 29, 2015          s/ Sean F. Cox
                                                       Sean F. Cox
                                                       U. S. District Judge


I hereby certify that on September 29, 2015, the document above was served on counsel and/or the parties of record via electronic means and/or First Class Mail.

                                                              s/ Jennifer McCoy
                                                             Case Manager