UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOURTHERN DIVISION

**VASUDEVA MAHAVISNO,**
an individual,

              **Plaintiff,**

v.

**COMPENDIA BIOSCIENCE, INC.,**
a Michigan corporation, and
**LIFE TECHNOLOGIES
CORPORATION,**
a Delaware corporation,

              **Defendants.**

Case No. 2:13-CV-12207-SFC-MAR

District Judge Sean F. Cox

**ORDER DENYING PLAINTIFF'S MOTION TO REVISE OR CLARIFY ORDER
PURSUANT TO FED. R. CIV. P. 54(b) (Doc. # 126)**

### I.   Introduction

This is a case alleging copyright infringement and breach of contract.  On February 23, 2016, the Court granted in part summary judgment motions filed by Defendants and dismissed the counts in Plaintiff's complaint for copyright infringement.  Before the Court is Plaintiff's Motion to Revise or Clarify Order (Doc. # 124) pursuant to Fed. R. Civ. P. 54(b).  (Doc. # 126.) Plaintiff moves this Court for an order revising its summary judgment ruling.

For the reasons set forth below, the Court shall **DENY** Plaintiff's Motion to Revise or Clarify Order (Doc. #124) Pursuant to Fed. R. Civ. P. 54(b).

### II.   Facts and Procedural Background

The facts of the case are set forth in the Court's previous summary judgment ruling and the Court will not repeat all the facts here.  (See Doc. #124.)

Plaintiff's First Amended Complaint contains alternative, mutually contradictory theories.  In Counts I and II, Plaintiff alleges claims of copyright infringement.  Plaintiff's

1

copyright infringement counts allege that Plaintiff wrote computer software and the Defendants have infringed upon his copyrights by using his computer software without his permission. As an alternative contradictory theory, in Count III, Plaintiff alleges that there was an implied-in-fact contract between the parties for use of his copyrighted computer software and that Defendants breached the contract. The copyright counts and implied-in-fact counts are contradictory theories because if there was an agreement allowing Defendants to use the copyrighted material, a claim would rise under breach of contract count, not copyright infringement.

In a February 23, 2016 written order, the Court granted in part Defendants' motions for summary judgment and dismissed Plaintiff's copyright counts. Plaintiff's own deposition testimony and response brief to the summary judgment motions showed that Plaintiff willingly provided his copyrighted computer software to Defendant Compendia with the intent that Compendia use the software.[1] Between 2006 and April 2007, Plaintiff stated in his deposition that he willingly provided the copyrighted software to Defendants because "Compendia made various promises to him regarding how Compendia would compensate him for use of his work . . . ." Plaintiff alleged in his Amended Complaint and testified in his deposition that these promises generally included (1) that Compendia would try to obtain a work visa for Plaintiff so that Plaintiff could work for Compendia, (2) that Compendia would pay Plaintiff a salary and bonus if a work visa could be obtained, and (3) Compendia would give Plaintiff an ownership interest in Compendia. (*See, e.g*., Am. Compl. ¶ 89.) Based on the testimony and admissions of

---

[1] If a copyright owner gives a person a license or permission to use copyrighted material, then the copyright owner may not sue the person for copyright infringement unless the license is terminated or revoked. A copyright owner may give a nonexclusive license expressly by words, either orally or writing, or implicitly by conduct. *Johnson v. Jones*, 149 F.3d 494, 500 (6th Cir. 1998).

Plaintiff that he intended Compendia to use and distribute his software, the Court held that Plaintiff's own testimony showed that Plaintiff granted Compendia an implied license to use and distribute his software.

On or about April 2007, Plaintiff stopped writing software code for Compendia. (Pl.'s CSF ¶ 17, Doc. 109-1.) Compendia was unable to obtain a work visa for Plaintiff. Plaintiff testified that he stopped working for Compendia because Compendia did not live up to its promises to pay him a salary and to give him the position he wanted at Compendia. (Pl.'s Dep 498:1-11, Doc. #109-19.)

Moreover, even at the time Plaintiff stopped writing the software code for Compendia in April 2007 and otherwise stopped working for Compendia, Plaintiff never once told Compendia to stop using his software code. For example, Plaintiff testified as follows in his deposition:

> Q. Did you ever demand of Compendia that they obtain a written license from you?
>
> A. Again, as to what time frame are you talking about?
>
> Q. Prior to this lawsuit?
>
> A. I did not - - I did not tell - - reach out to Compendia to request them to obtain a license from me.

(Mahavisno January 16, 2015 Dep. 375:7-21, Doc. #109-19.) The Court confirmed this fact at the oral argument on this summary judgment motion.

> THE COURT: Let me get more specific. Where in the record [does] plaintiff tell Compendia when [he] leaves in 2007 not to use his software anymore? I didn't see anything in the brief citing that.
>
> MR. SUSSER: Where he specifically says that?
>
> THE COURT: Yes. Where he tells Compendia not to use his software anymore.

3

>MR. SUSSER: I am not aware of any specific reference like that, Your Honor.
>
>THE COURT: Any statement?
>
>MR. SUSSER: Statement like that, no.

(S.J. Oral Argument Tr. 18:10-21.)

As an alternative argument in its response brief to Defendants' summary judgment motions, Plaintiff argued that although Plaintiff may have impliedly licensed or consented to Defendants using his software from 2006 to 2013 before the lawsuit was filed, Plaintiff revoked the license by filing this lawsuit and sending correspondence shortly before the lawsuit. The Court rejected Plaintiff's argument for two reasons. First, the Court held the implied license was not unilaterally revocable by the Plaintiff because Plaintiff admitted that consideration in the form of promises were given by Defendant Compendia for the implied license. (Order p. 12, Doc. #124 citing *Lulirama Ltd., Inc. v. Axcess Broadcast Servs., Inc.*, 128 F.3d 872, 882 (5th Cir. 1997) (citations omitted).) Specifically, the Court stated:

>Plaintiff's own testimony is that there was a contract between the parties, which was supported by consideration, and that the contract cannot be unilaterally rescinded. "Consideration may constitute a return promise or a performance. . . ." *Timko v. Oakwood Custom Coating, Inc.*, 244 Mich. App. 234, 244 (2001) (citing Restatement (Second) of Contracts § 71). Plaintiff's testimony is that the parties had made promises to each other and/or that Plaintiff performed in response to a promise from Compendia. Specifically, Plaintiff testified that Compendia promised to give him an ownership interest in Compendia among other things if Plaintiff wrote software code for Compendia. Plaintiff testified that he relied on Compendia's promise of an ownership interest and wrote the software code for Compendia. In fact, Plaintiff's position in this case is that the parties have a contract and he seeks to enforce the contract. Therefore, according to Plaintiff's own testimony, there was consideration and therefore Plaintiff could not unilaterally revoke that contract.

4

(Order at p. 12, Doc. #124.) Second, the Court held that the filing of the lawsuit did not revoke the implied license because the lawsuit did not contain a statement revoking the implied license. Furthermore, revocation could not be implied from the filing of the lawsuit because the lawsuit contained alternative theories of copyright infringement and breach of implied-in-fact contract. Specifically, the Court stated:

> Moreover, Plaintiff did not revoke the implied license or contract between the parties simply by filing the present lawsuit. In his Amended Complaint, Plaintiff has simply alleged alternative theories of recovery, i.e. claims of copyright infringement and breach of implied-in-fact contract. In the implied-in-fact contract claim, Plaintiff is simply seeking to enforce the promises that Compendia allegedly made to him, not terminate the contract between the parties or revoke the implied license. Nowhere in his Amended Complaint did Plaintiff state that he is revoking the license between the parties.

(Order at pgs. 12-13, Doc. #124.)

On March 15, 2016, Plaintiff filed the present motion to revise or clarify the Court's summary judgment ruling. Defendants filed a response brief to the motion on April 13, 2016 and Plaintiff filed a reply brief on April 25th, 2016. Plaintiff argues that the Court's ruling is inconsistent and needs to clarified or modified.

### III. Legal Standard

Plaintiff brings this motion under Rule 54(b) of the Federal Rules of Civil Procedure. A partial grant of summary judgment is an interlocutory order because it adjudicated fewer than all the claims of the parties. *Regency Realty Group, Inc. v. Michaels Stores, Inc.*, 2013 WL 3936399, *6 (E.D. Mich. 2013). Defendants argue that this motion is a disguised motion for reconsideration under Local Rule 7.1(h) and that Plaintiff filed the motion outside the 14 day time limit set forth in Local Rule 7.1(h)(1). Under either Rule 54(b) or Local Rule 7.1(h), the

district court may exercise its discretion and reconsider an interlocutory order. *Id*. The Court has decided it will exercise its discretion and consider Plaintiff's motion.

**IV. Analysis**

As mentioned above, in its summary judgment ruling, the Court found *inter alia* that the implied license Plaintiff gave to Defendant Compendia to use his copyrighted materials could not be unilaterally revoked by Plaintiff because the record shows that Defendant Compendia provided consideration for the implied license in the form of return promises. Consideration makes an implied license irrevocable. *Lulirama Ltd., Inc. v. Axcess Broadcast Servs., Inc*., 128 F.3d 872, 882 (5th Cir. 1997).

In this motion, Plaintiff asserts that the Court found the implied license was irrevocable because it was supported by consideration in the form of a promise of ownership in Compendia. However, Plaintiff notes that Compendia disputes any ownership promise and the Court's summary judgment ruling elsewhere suggests that the existence of a promise is an open factual question. In this motion, Plaintiff argues therefore that the Court's summary judgment ruling is inconsistent and needs to be modified. Plaintiff's reasoning is that the jury could, for example, disbelieve the Plaintiff's testimony and credit Compendia's testimony that a promise of ownership was never made. If that happened, Plaintiff argues that it should be entitled to assert copyright infringement as an alternative cause of action.

Plaintiff misunderstands the Court's summary judgment ruling. Contrary to Plaintiff's assertion, the Court did not find that the implied license was irrevocable because it is "undisputed" that Compendia promised Plaintiff an ownership interest in Compendia. Rather, the Court found that both parties actually agree and/or the evidence shows that return promises were made for the implied license, although the parties disagree as to the scope of the return promises. According to Plaintiff's testimony and allegations, the consideration would have been

Compendia's promise to try to modify Plaintiff's work visa, the promise of a salary and a bonus if a work visa was obtained, and an ownership interest in Compendia.[2] In contrast, Defendants, at least more recently, have stated and the evidence shows that Compendia promised to try to modify Plaintiff's work visa and to pay Plaintiff a salary if his work visa was modified. In fact, the record shows that Compendia employed an attorney in an attempt to modify Plaintiff's work visa and did offer Plaintiff a position and salary in 2007 if his work visa could be modified. (Resp. br. pgs. 7-8, Doc. #129.) Defendants dispute that Compendia promised to give Plaintiff an ownership interest in Compendia. Therefore, the dispute on this issue for trial is whether Compendia also promised to give Plaintiff an ownership interest in Compendia and, if so, what is the amount of ownership.

The Court also wants to make clear that it did not find that a promise of ownership in Compendia was "undisputed." Rather, the Court stated that Plaintiff made a clear admission of fact in his deposition testimony that Compendia made various promises to Plaintiff in order to encourage Plaintiff to write software code and continue writing software code for Compendia. The Court found that this testimony was effectively an election between the contradictory counts of copyright infringement and implied-in-fact contract plead in Plaintiff's complaint.[3]

Specifically, the Court stated:

> Plaintiff's own testimony is that there was a contract between the parties, which was supported by consideration, and that the contract cannot be unilaterally rescinded. "Consideration may constitute a return promise or a performance. . . ." *Timko v.*

---

[2] For example, in its summary judgment ruling, the Court stated: "Specifically, Plaintiff testified that Compendia promised to give him an ownership interest in Compendia among other things if Plaintiff wrote software code for Compendia." (Order at p. 12, Doc. #124 (emphasis added).)

[3] The counts are contradictory because consideration supports a viable implied-in-fact contract count, but consideration also requires dismissal of Plaintiff's copyright counts by making the implied license irrevocable.

7

> *Oakwood Custom Coating, Inc.*, 244 Mich. App. 234, 244 (2001) (citing Restatement (Second) of Contracts § 71). Plaintiff's testimony is that the parties had made promises to each other and/or that Plaintiff performed in response to a promise from Compendia. Specifically, Plaintiff testified that Compendia promised to give him an ownership interest in Compendia among other things if Plaintiff wrote software code for Compendia. Plaintiff testified that he relied on Compendia's promise of an ownership interest and wrote the software code for Compendia. In fact, Plaintiff's position in this case is that the parties have a contract and he seeks to enforce the contract. Therefore, according to Plaintiff's own testimony, there was consideration and therefore Plaintiff could not unilaterally revoke that contract.

Nowhere in the above quotation did the Court state that a promise of ownership was undisputed. Rather, the Court found that Plaintiff's own admission under oath in a judicial proceeding ("a judicial admission") demanded dismissal of Plaintiff's copyright claim by establishing that the implied license he granted was irrevocable because it was supported by consideration. When a plaintiff makes "a deliberate, clear, and unambiguous" admission of fact in his deposition, the defendant is entitled to hold the plaintiff to his admission and grant summary judgment on the affirmative defense. *See Greenwell v. Boatwright*, 184 F.3d 492, 498 (6th Cir. 1999) (judicial admission); *MacDonald v. General Motors Corp.*, 110 F.3d 337 (6th Cir. 1997) (judicial admission). In this case, although Plaintiff pleaded alternative theories, Plaintiff's own testimony and evidence in the record only supported one theory.

In his reply brief, Plaintiff argues that he should not be held to his admissions because a plaintiff is allowed to plead alternative inconsistent theories citing Rule 8 of the Federal Rules of Civil Procedure. (Reply br. p. 3.) While Rule 8 allows a party to assert inconsistent or contradictory theories, the Federal Rules of Civil Procedure do not allow a party to maintain theories that are unsupported by the facts in the record. *See, e.g.*, Fed. R. Civ. P. 11(b). As a case moves from the initial stages through depositions, a defendant is allowed to move for

8

summary judgment on the plaintiff's claims based on facts admitted by the plaintiff is his deposition and briefs. In this case, while both parties may have initially asserted alternative theories and facts, this case is now at the summary judgment stage, and it is proper for the Court to dismiss the Plaintiff's claims that are contradicted by Plaintiff's own testimony and the evidence in the record. In effect, Plaintiff's testimony was an election of alternative or contradictory theories. *See Semowich v. R.J. Reynolds Tobacco Co.*, 1988 WL 123930, *4 (N.D.N.Y. 2006) ("Plaintiff's argument that he had simply taken inconsistent or mutually contradictory legal positions, as permitted by Rule 8(e)(2), in response to defendant's summary judgment motion is frivolous."); *Armada de la Republica Argentina v. Yorkington Ltd.*, 1995 WL 46394, *13 n.12 (D.D.C. 1995) ("While it is clear that a plaintiff may plead alternative (even mutually inconsistent) factual theories in her complaint, it is axiomatic that the plaintiff may not continue to assert such theories at the summary judgment stage.").

Based on the above, the Court finds that there is no error in the Court's summary judgment ruling and that its summary judgment ruling is consistent and logical.

### V. Conclusion

For the reasons stated above, the Court **DENIES** Plaintiff's Motion to Revise or Clarify Order (Doc. #124) Pursuant to Fed. R. Civ. P. 54(b).

**IT IS SO ORDERED.**


Dated: May 3, 2016          s/ Sean F. Cox
         Sean F. Cox
         U. S. District Judge


I hereby certify that on May 3, 2016, the document above was served on counsel and/or the parties of record via electronic means and/or First Class Mail.

         s/ Jennifer McCoy
         Case Manager